Judge Underwood
delivered the Opinion of the Court
Judge Nicholas taking no part in the decision of this case.
Bullen and others, on the 22nd May, 1880, executed a note to McGillicuddy, promising to pay him, four months after date, seventeen hundred dollars, for value received, &c.
On the note there is a credit endorsed for two hundred and sixteen dollars five cents.
There is upon the back of the note, an instrument in these words:—
“ Louisville, Oct. 3rd, 1830.
“ On demand, we promise to pay the amount of the within note, in goods, deducting the above sum of two hundred and sixteen dollars five cents.
(Signed) Tillay, Scott & Co.”
Bullen &c., in their tenth plea, relied on an accord, and the acceptance of the aforesaid instrument by the plaintiff,JMcGillicuddy, in full satisfaction of the note- *91 sued on. Issue was taken on this plea. Upon the trial, the court instructed the jury, that the instrument signed by Tillay, Scott & Co., “ was no evidence in support of the plea which set up a note alleged to have been executed to the plaintiff, McGillicuddy, by them, because there was no obligee in the obligation at all, and that, therefore, and on that account alone, they ought to find for the plaintiff.”
The giving and receiving oi one obligation, in lieu of another, the parties to which, or some of them, are different, may he ■ pleaded as an accord and satisfaction. — The transuctionmust better the condition of one, or both parties; if it leaves them as they were, it is of no avail as an accord and satisfaction.
Whether one obligation was given in satisfaction, or as a guarantee, of an other, — being a question of intention, — is to be decided by a j«ry-
This instruction was erroneous. It is true, that there is not inserted the name of an obligee or payee in the body of the instrument; but we think, that it is as clearly ascertainable from the,endorsement, signed by Tillay, Scott & Co., connected with the note to which it refers, who the payee is, as if the name had been inserted. In construing.the endorsement, it must be connected with the note, because it expressly refers to the “within note.” The amount which Tillay, Scott & Co. promised to pay, must be ascertained by looking into the note. If obligors may fix the amount of their liability by reference to other papers, as most indubitably they may, why may they not designate the payee in the same manner ? If the promise had been to pay the amount of the within note to the within mentioned payee, although the name was not mentioned, the reference would have made the undertaking as certain, in respect to parties and amount, as if the sum had been‘expressed in dollars and cents, and the names ail given. It is equally certain as it now stands. On demand, Tillay, Scott & Co. promise to pay the within note. Who has the right to demand the payment of the note ? No one but McGillicuddy. Who has a right to receive payment ? He alone has it, and if Tillay, Scott & Co. should pay to any one but him, it would be no discharge of the note. Who permitted them to sign the endorsement, dated the 3rd of October, upon the back of the note, dated the 22nd May ? Nobody but McGillicuddy, for the note must be considered as in his possession, and subject to iiis control. The endorsement is utterly void, or it is a contract with him to pay the amount of the note. All the foregoing considerations shew, that McGillicuddy is designated with sufficient certainty as the payee,'and it would be *92 very hard to deprive him of the right to enforce the payment, by Tillay, Scott & Co., were he to desire it.
As Tillay, Scott & Co. were, in part at least, different l)ei'soris fr°ín the payors of the notes dated in May, their written engagement to pay, dated in October, may be the legilmate foundation of a plea of accord and satisfaction. The, subject matter of an accord and satisfaction, to be good, most show some advantage or disadvantage — some prospect of loss or gain, to one or both of the parties, and unless the pica, presents such a case it is not. good. Tested by this rule, the tenth pica is good. The obligation, or note of new parties, if accepted in satisfaction, will discharge a note executed by other persons. The advantage of having other men bound for a debt, beside those who originally contracted it, is too obvious to need remark. Whether the note of Til.lay, Scott & Co. was received as an additional security for the debt, or in full satisfaction of it, is a question for the jury, upon the evidence.
Judgment reversed, with costs, and cause remanded for -a new trial.