Judge Marshall
delivered the Opinion of the Court.
This was a petition and summons, brought by John Bruce, against George W. Bruce, upon a note for five hundred dollars, dated the 12th of May, 1819, and executed by the latter to the former, in the usual form. On the back of the note was the following endorsement:
“I am to pay the within note, May 13th, 1822.
Horatio Bruce.”
There was also endorsed a credit of several hundred dollars, as paid by Horatio Bruce, on the 13th of May, 1822, through which fines had been drawn with a pen, but which is still legible.
The defendant pleaded to the petition, that the plain-' . tiff had agreed to accept and had accepted the covenant or assumption of Horatio Bruce, in full satisfaction of the note sued on, on which plea issue was joined, and the note and the endorsements on it, as above stated, having been all the evidence, the Court, on motion of the defendant, instructed the jury that “if they believed from the evidence that the plaintiff accepted the covenant of Horatio Bruce, in full accord and satisfaction of the note, they should find for the defendant;” to which the plaintiff excepted. And the jury having found for the defendant, and the plaintiff’s motion for a new trial (on the ground that the instruction was erroneous, and .the verdict against evidence,) having been overruled— the plaintiff prosecutes a writ of error.
If the evidence conduces, in any degree, to prove the accord and satisfaction pleaded, the instruction was correct, and the verdict must be sustained; but if the evidence does not conduce to prove the accord and satis *531 faction, then the verdict is wholly unsupported by the testimony, and the instruction, though abstractly correct, was inapplicable, and was calculated to mislead the jury.
Admitting that the covenant of Horatio Bruce might be “the legitimate foundation of a plea of accord and satisfaction” to the suit upon the note of G. W. Bruce (and this is all that is proved by the case referred to of Bullen &c. v. McGillicuddy, 2 Dana, 90;) still the questions of fact, whether there was any agreement to take the covenant in satisfaction of the note, and whether it was so accepted, remain open for enquiry. If it were proved, that there was such an agreement, then the possession of the covenant by the plaintiff' would undoubtedly be evidence of his having accepted it in pursuance of the agreement, (that is in satisfaction.) But we^do not perceive, either that the mere endorsement pf the covenant upon the back of the note, which remains in possession of the plaintiff, is of itself any evidence that it was agreed to take the one in lieu or in satisfaction of the other; or that, in the absence of proof of any such agreement, the possession of both instruments is in itself evidence that one was taken in satisfaction of the other, The endorsed covenant may have been taken as an additional or collateral security, or it may have been accepted as satisfaction, or it may have been put there merely in consequence of an agreement between the covenantor and obligor in the note, with the assent indeed of the obligee, but without any compromittal of his rights. But the fact, that for whatever purpose it was put there, the note upon which it was endorsed, must necessarily have been intended to remain in the hands of the obligee until discharged by payment from one or the other of the obligors, condu-. ces, in the absence of all other evidence, to establish the inference, that the one obligation was not intended to be substituted for the other, or to be received in discharge of it. This inference might be rebutted and its contrary established by evidence. But in our opinion, the paper itself and its endorsements being all in possession of the plaintiff, and there being no other evi *532 dence on the subject, neither the Court nor the jury had a right to infer that the endorsed covenant of Horatio Bruce was made under an agreement, or with the understanding, that it should satisfy and supersede th§ obligation of G. W. Bruce. And we are hrought to the conclusion that there was no evidence conducing to prove the accord and satisfaction pleaded. It follows that the instruction was inapplicable to the facts, and therefore calculated to mislead the jury and that the verdict was unsupported by the evidence, and that on these grounds, a new trial should have been granted.
For the error, therefore, of refusing a new trial, the judgment is reversed, and the cause remanded, that a new trial may be had, on principles not inconsistent with this opinion. •