SACKETT *vs.* SPENCER.

An instrument in these words: "Due A. Y., or bearer, three hundred and forty dollars, for value received, with interest, at L.'s office in Rochester," is a promissory note, within the statute; and not being payable at any specified time after date, the maker is not entitled to any days of grace. .

And being, by its own express terms and legal effect, due and payable at the moment of its execution and delivery, such a note cannot be transferred so as to cut off any defense existing in behalf of the maker at that time.

A witness may be allowed to refer to his cash book, to refresh his recollection; but after having sworn positively, he cannot refer to his cash book for the purpose of corroborating his testimony.

In an action upon a promissory note, a teller in a bank was shown the note, with a guaranty written across the back, and the defendant offered to prove by him that the portion of the guaranty written across the fold in the paper was written since the paper had been folded and soiled, or stained; and to ask him whether, in his judgment, from the lustre and brightness of the ink, the guaranty could have been written as long as six years ago. *Held* that upon these questions the opinions of witnesses were not admissible, even though the witnesses were *experts.*

Where there is a question as to the credibility of witnesses, and there is evidence in conflict with their testimony, which ought to be submitted to a jury; and where there are exceptions in the case, in regard to the admissibility of testimony; it is improper for the judge, at the circuit, to take the case from the jury and direct a verdict for the plaintiff subject to the opinion of the court at a general term.

Such a direction is admissible only when the case presents questions of law alone.

MOTION for judgment on a verdict taken for the plaintiff at the circuit, subject to the opinion of the court. The complaint alleged that the defendant, on the 4th day of October, 1851, at Lima, in the county of Livingston, made his promissory note in writing, dated that day, in the words following, viz:

"$340.   Due Anthony Yorks, or bearer, three hundred and forty dollars, for value received, with interest, at Leicester's office in Rochester.          SAMUEL SPENCER.

October 4, 1851."

And then and there delivered the same to Anthony Yorks; that the said Anthony Yorks afterwards, and on the 5th day of October, 1851, sold and transferred the same to the plain-

Sackett *v.* Spencer.

tiff, who thereby then and there became the bearer thereof; that the plaintiff is now the lawful owner and holder of said note; and that the defendant has not paid the same, or any part thereof, but is justly indebted to the plaintiff therefor; wherefore the plaintiff demanded judgment against the defendant for $340, with interest from the 4th day of October, 1851, besides costs.

The defendant, by his answer, denied the allegations of the complaint; and for a further defense, alleged that the plaintiff ought not to further have or maintain his action against him, because the note in the complaint mentioned was made at the request and for the accommodation of Anthony Yorks, the payee therein named, without any value or consideration therefor, and was transferred by said Anthony Yorks after the same became due and payable, and without any valuable consideration therefor. And that after said note became due and payable, and while the said Anthony Yorks was the owner and holder thereof, the defendant paid to said Yorks said note, and all moneys and interest due thereon, to wit, on the 5th day of October, 1851. And for a further defense, that Yorks assigned and transferred the note after the same became due and payable, and before and at the time of said assignment or transfer the said Yorks was, and still is, indebted to the defendant in the sum of $500, for work and labor, goods, money paid, had and received, lent and advanced &c., and for the rent, use and occupation of a certain dwelling house in Geneseo, with the appurtenances, before then occupied by one Alexander C. Vimble, for which Yorks became surety and guarantor; which said sums of money so due and owing from the said Anthony Yorks to the defendant, exceeded the amount of the indebtedness claimed in the complaint; and which money so due and owing by the said Anthony Yorks to the defendant, the defendant claimed to set off and be allowed against any claim of the plaintiff in this action.

On the trial the plaintiff, to sustain his action, produced and read in evidence the note or due-bill described in the com-

plaint, the execution whereof was admitted by the defendant. The defendant examined Homer Sackett, the plaintiff, as a witness, who testified that he first saw the note in question about a year ago; that he kept it some two or three months, and sent it to Mr. Wood in a letter; that he paid something over $400 for the note, part in his own note and part in an account due him. The plaintiff offered to show by this witness that he bought the note of William E. Pattee. The defendant objected, on the grounds, 1st. That the complaint alleged that the note was sold and transferred by Anthony Yorks, the payee, to the plaintiff, and that Pattee was not named in the complaint. 2d. That it was not competent for the plaintiff to prove facts necessary to constitute his cause of action not alleged in his complaint. 3d. That he could not do this when the facts which he proposed to prove were in direct conflict with facts alleged in the complaint. The court overruled the objections, and the defendant excepted. The defendant then introduced evidence tending to show that the note in question was given by him to Yorks, in exchange for one given to the defendant by one A. McDonald, and that Yorks had appropriated the proceeds of the latter note to his own use. Yorks was examined as a witness for the plaintiff, who offered to prove by him that the note sued on was transferred to William E. Pattee the next day after it became due. This was objected to by the defendant's counsel, on the ground that the complaint alleged the transfer by Yorks to the plaintiff; that the evidence offered not only tended to prove facts necessary to constitute the plaintiff's cause of action, and which were not alleged in his complaint, but which were in direct conflict with the material facts alleged in the complaint and denied by the answer. The court overruled the objection and received the evidence. The defendant Spencer was examined as a witness, and testified that he had borrowed money of Yorks, but did not borrow any such amount of money mentioned, in the month of October, 1851. The defendant's counsel proposed to show by this witness, by allowing him to refresh his mem-

ory, on reference to his cash book and memorandum kept at that time, that he did not receive any money from Yorks at or about that time. The plaintiff objected. The court sustained the objection, and the defendant excepted. Rodney Whitney, called by the defendant, testified that he was teller of the Genesee Valley Bank. The witness was shown the note, and the guaranty written across the back. The defendant offered to prove by him that the portion of the guaranty written across the fold in the paper made lengthwise, was written since the paper had been folded and soiled, and since it had been stained; and also, to ask him whether in his judgment, from the lustre and brightness of the ink, the guaranty could have been written as long as six years ago. The counsel for the plaintiff objected, on the ground that this was not a question of skill or science to which evidence may be given by experts, but a matter for the court and jury to decide. The court sustained the objection and excluded the evidence. The evidence being closed, the plaintiff claimed and insisted that he having shown by evidence that the note was transferred by Yorks to Pattee the next day after its date, the defense was not available or allowable as against the plaintiff in this action, as a question of law, and that there was no question of fact for the jury to pass upon, and moved that the court take the case from the jury, and direct a verdict for the plaintiff for the amount of the note and interest. The defendant objected, and insisted, 1st. That the note, if transferred at all, was transferred after it became due, and was subject to the same defense as if the action had been brought by Yorks, the payee, as a question of law. 2d. That it was a question of fact to be submitted to the jury, whether, upon the whole evidence in the case, the note was not executed and delivered by the defendant to Yorks at the time and under the circumstances, and for the consideration stated and testified to by the defendant. 3d. That the court ought to charge the jury that if, from all the evidence in the case, the jury should find the facts to be as testified to by the defendant, the note was

void for want of consideration; or, if the court should be of the opinion that there was sufficient consideration to uphold the note as between the defendant and Yorks, that then the defendant was entitled to have applied as a set-off or counter-claim against the amount claimed on said note, the proceeds of the McDonald note, which all the evidence showed was received by Yorks. The court sustained the motion of the plaintiff, and decided, as a question of law, that what the defense claimed and proved was not allowable as against the plaintiff; and also that there was no question of fact for the jury to pass upon, and took the case from the consideration of the jury, and ordered a verdict in favor of the plaintiff for the amount of the note and interest, subject to the opinion of the court at general term. The jury thereupon, under the direction of the judge, rendered a verdict for the plaintiff for the amount of the note and interest. Whereupon his honor, the judge, ordered and directed the case and exceptions to be heard, in the first instance, at the general term.

*J. C. Smith*, for the plaintiff.

*D. G. Shuart*, for the defendant.

*By the Court*, E. DARWIN SMITH, J. The instrument upon which this action is brought is a promissory note, within the statute. (*Kimball* v. *Huntington*, 10 *Wend.* 675. *Russell* v. *Whipple*, 2 *Cow.* 536.) Being payable at no specified time after date, like a note payable on demand, the maker was not entitled to any days of grace. (*Story on Bills of Ex.* § 342. *Chitty on Bills*, 410.) By its own express terms and legal effect it was due and payable *immediately*, and the statute of limitations would run, upon it, from its date. (8 *John.* 189, 374. 15 *Wend.* 308. 3 *Denio*, 12. 13 *id.* 267.) The holder Yorks could have sued it the next hour after its delivery. The fact that it was payable at "Leicester's office" in Rochester, with interest, as in the case of a note payable

at a bank, if funds were there to meet it, would stop interest, and implies, I think, that it was not expected to be immediately paid or presented for payment. But it was nevertheless *due immediately*, and payment of it could have been instantly required by the holder. Being thus *due* at the moment of its execution and delivery, the note could not be transferred so as to cut off any defense existing in behalf of Spencer at that time.

But, upon the defendant's own testimony, there was obviously no defense to the note in the hands of Yorks, or any equity to defeat it before Yorks appropriated the proceeds of the McDonald note to his own use, for which note the defendant states the note in question was given in exchange. Up to the 8th of November, 1851, the date of the order of Yorks upon Spencer's attorneys for the proceeds of the McDonald note, the defendant's note was a perfectly valid note in Yorks' hands; and any purchaser or assignee of it, who received a transfer thereof in good faith and upon good consideration, would acquire a perfect title to it, free from all defense on the part of the defendant. If the note was given in exchange for the McDonald note, when Yorks took or appropriated the avails of that note to his own use, and from and after that time, the defendant had a perfect defense to the note in the hands of Yorks, or of any person who should receive it from him after that period. It thus becomes an important inquiry *when* the note was in fact transferred. If transferred on the 5th day of October, 1851, as sworn to by Yorks and Pattee, there is, and could be, no defense to it in the hands of the plaintiff. In his complaint the plaintiff alleges the making of the note and its delivery to Yorks on the 4th of October, 1851, and sets out a copy, and then alleges that the "said Yorks afterwards, and on the fifth day of October, 1851, sold and transferred the same to the said plaintiff, who *then* and *there* became the bearer thereof." This is a distinct positive allegation that the note was transferred to the plaintiff by Yorks on the 5th day of October, 1851. The production and

proof of the note was *prima facie* evidence to support this allegation, and entitled the plaintiff to recover, if nothing further had appeared in the cause. Having made this proof the plaintiff rested, and the defendant called the plaintiff as a witness, who disproved this *prima facie* case, and showed that he acquired title to the note about a year before the trial, (which was in January, 1858.) Upon this proof the defense was not cut off, but was entirely available.

The plaintiff then proposed to prove that the note was transferred the next day after its date, not to the plaintiff, but to a man by the name of Pattee, who transferred it to the plaintiff. This proof was objected to and received, and this presents the first exception for consideration. I am inclined to think this exception, since the code, well taken, and that the evidence ought not to have been received, without an amendment of the complaint, which would have entitled the defendant to have the cause go over the circuit, if he could have satisfied the court that he was misled or surprised, under section 169 of the code; but as I think there must be a new trial upon other grounds, and there is some doubt on this point, it is unnecessary to pass upon it now, as there can be no pretense of surprise in respect to this proof, on a second trial.

The exception to the decision overruling the testimony relating to the defendant's cash book is not well taken. The defendant might refer to his cash book to refresh his recollection, but could not give the cash book in evidence. He had sworn positively on the subject, and had doubtless previously consulted his cash book; and I do not understand the decision to have denied to the defendant the right to refer to his cash book before testifying, but after he had given his testimony, to corroborate such testimony. For this purpose it was inadmissible to refer to it, and the decision was clearly right. The exception to the decision of the court, overruling the evidence offered by Whitney, I think, was not well taken. The question to which he was called to testify was not pecu-

liarly within the knowledge and competency of *experts,* if Whitney were in fact an expert in regard to handwriting. The jury were all qualified to examine and judge, from the appearance of the paper, whether the guaranty indorsed on the note was recently made or otherwise. They were entitled to inspect it, and base their verdict upon their own judgment and the evidence of their own senses from and upon such inspection. I think the question was not one upon which the opinions of witnesses were admissible. (*Greenl. Ev.* 488. 5 *Seld.* 376 *and* 80. 4 *Denio,* 373.) The evidence of experts has been allowed, in some instances, to show that a signature was in a simulated hand, but this is now disapproved of. (1 *Denio,* 343. And it was expressly held in 13 *Wend.* 81, that it was inadmissible to show by the opinions of experts at what *time* entries in an account were made; and this case is precisely in point upon this exception.

But I am inclined to the opinion that the case should have been submitted to the jury. It is true Yorks and Pattee swore positively as to the transfer on the fifth of October, and if the jury believed their testimony, they would have been bound to find a verdict for the plaintiff. But the question of their credibility was a question for the jury, and there was certainly considerable evidence in conflict with their testimony. The staleness of the claim, the time and manner of the alleged transfer to Pattee, the appearance of the indorsement, the neglect of Pattee ever to ask for payment of the note through some five years, when it appeared he was embarrassed and had judgments and executions against him, and the conflict between the statements of Spencer and Yorks in regard to the consideration of the note and other particulars, presented circumstances tending to impeach the testimony of Yorks and Pattee, which might, I think, well have been submitted to the jury. If in view of the intrinsic facts of the case and all the testimony before them, the jury had found a verdict for the defendant, as it would necessarily have been based upon a disbelief on their part of the testimony of Yorks

and Pattee, I do not think this court would have been bound, if at liberty, to set it aside. And this is the rule, as I understand it, upon which the judge at the circuit is at liberty to take the case from the jury. For the same reasons, and also because there are various exceptions in the case in regard to the admissibility of testimony, I think it was not a proper one in which to direct a verdict subject to the opinion of the court at general term. That is admissible only when the case presents questions of law alone. (*Code*, § 365.) This must be upon the whole case, and where there are no exceptions for the reception or rejection of evidence. (16 *N. Y. R.* 604, 606.) I think, therefore, that there should be a new trial of the cause, with costs to abide the event.

New trial granted; costs to abide event.

[MONROE GENERAL TERM, March 7, 1859. *Welles, Smith* and *Johnson*, Justices.]