### BELL, receiver &c. *vs.* SHIBLEY.

Where a note is made and delivered to a mutual insurance company as a *premium* note, only, and not as an original *stock* note, and upon the understanding that it shall be appropriated for no other purpose than that of a premium note, the subsequent use of such note, by the company, as a stock note, without the consent of the maker, is a fraudulent perversion of its object and design, which will render it invalid, except in the hands of a *bona fide* holder.

If such note is in form a premium note, the presumption is against the allegation that it was an original stock note; and in an action thereon, brought by the receiver of the company, it is for the plaintiff to remove such presumption, before he can recover.

Such presumption will not be met by showing the use to which the note was in fact put, by the company, unless it be proved, in addition, that the maker assented to such use of it, either expressly or by fair implication.

Evidence of the purpose for which such note was made, being entirely consistent with the terms and conditions of the note, and not contradicting or tending to contradict the same, is admissible.

Where the form of the note raises a presumption that it was given as a premium note, and not as a stock note, the company is not authorized to use such note for the purpose of effecting its organization, if such use would change the liability of the maker, on it, until his assent has been obtained.

An insurance company, after having received from its agent a note taken by him as such, and having thus adopted his acts as agent, will be held bound by what occurred between him and the maker, at the time the note was made and delivered. And it will be deemed to have had notice of the purpose for which the note was given.

A receiver of an insurance company stands in the place of the company, with no greater rights than were possessed by the company.

When a question as to the admissibility of evidence arises, upon the trial, it is erroneous for the judge to direct a verdict subject to the opinion of the court at a general term.

THE action was brought by the receiver of the Mohawk Valley Insurance Company on a note, of which the following is a copy: "$84.00. For value received, in policy No. 398, dated October 21st, 1851, issued by the Mohawk Valley Insurance Company, I promise to pay the said company, or their treasurer, for the time being, the sum of eighty-four dollars, in such portions, and at such time or times, as the directors of said company may agreeably to their charter and by-laws require. April 29, 1851. DAVID SHIBLEY."

Bell *v.* Shibley.

The cause was tried at the Montgomery circuit, when a verdict was ordered for the plaintiff for the amount of the note, subject to the opinion of the court at general term. It was proved on the trial that the note was used as an original stock note on the organization of the company. The defendant insisted that such use was without his knowledge, consent, or approval, and gave evidence showing that the note was made and delivered as a premium note. But such evidence was objected to by the plaintiff's counsel, as irrelevant and improper.

*D. P. Corey*, for the plaintiff.

*J. H. Salisbury*, for the defendant.

*By the Court*, BOCKES, J. The action is brought by the plaintiff, as receiver of the property and effects of the Mohawk Valley Insurance Company, and is based on a note alleged to have been given as an original stock note, pursuant to section 5 of the act providing for the incorporation of insurance companies, passed April 10, 1849. The defendant denies that the note was given as an original stock note, but insists that it was made and delivered as an ordinary premium note, and that he is not liable thereon without due assessment.

The company, organized on the mutual plan, and by the case it is found that the note was made and delivered as a premium note, to be used as a premium note only, and not as an original stock note. On this point the issue of fact is determined in favor of the defendant. It is not pretended that a recovery can be had on the note, regarded as a premium note, inasmuch as no assessment of it is averred or attempted to be proved. (*Savage* v. *Medbury*, 19 *N. Y. Rep.* 32.)

But the plaintiff insists that the note was in fact used as a part of the original capital stock, on which the company organized, and it is claimed that such use of the note concludes the defendant, notwithstanding it was a misappro-

priation.   By the case it appears that the use of the note, as an original stock note, was without the defendant's knowledge or approval.   He executed and delivered it as and for a premium note, and it was then understood that it should be appropriated for no other purpose.   It seems impossible, therefore, that he should be bound by its misappropriation.   Its use as a stock note was a fraudulent perversion of its object and design.   Having given it for a particular purpose, its diversion and appropriation to a different one, without the defendant's knowledge or consent, rendered it invalid, except in the hands of a *bona fide* holder.   (10 *John.* 198.   *Id* 231.   15 *id.* 270.   17 *id.* 188.   5 *Wend.* 566.   8 *id.* 437.   1 *Hill,* 589.   16 *Barb.* 608.   6 *Wend.* 615.)

The company certainly was not a *bona fide* holder of it. The note was given to the company.   It was in form a premium note, carrying on its face a clear presumption against any intention that it was made to be used as an original stock note.   Judge Allen, when speaking of a note similar in form, remarked: "The note, in the absence of evidence that it was one of the original notes of the company, will be presumed to have been received as a premium note, and the defendant only held to the liability incident to a contract of that character." (*Birdseye, receiver,* v. *Smith,* 32 *Barb.* 217, 218.) The presumption was against the allegation that it was an original stock note, and it was for the plaintiff in this case to remove such presumption before he could recover in the action.   How was this presumption met ?   It is said by the use to which the note was in fact put.   But in addition to that there should have been proof that the defendant assented to such use of it, either expressly or by fair implication. Not only is there no evidence of such assent, by the defendant, but there is proof conclusive, and it stands in the case as a fact, that such use was unauthorized and unsanctioned.

It is said that the evidence in regard to the purpose for which this note was given, was improperly received.   Admit this, and the plaintiff has not made out a case for a recovery,

Bell *v.* Shibley.

inasmuch as there is no evidence to overcome the presumption that the note was, according to its terms, a premium note; if indeed such evidence would have been competent against the express terms of the contract, without averring mistake. Such evidence (evidence of the purpose for which the note was made,) was, however, admissible. It did not contradict or tend to contradict the note in any particular. It was entirely consistent with its terms and conditions. Such evidence has always been held to be admissible. (7 *Cowen*, 322. 16 *Barb.* 608. 6 *Wend.* 615.)

Certainly, if it was competent for the plaintiff to show, against the presumption, that it was a stock note, it was also competent to sustain the presumption by similar or other legal evidence. Evidence of the purpose for which a note is given is competent, or it would be impossible in any case to show its diversion or misappropriation. Such evidence in no way varies or contradicts the written contract.

It is urged that the note was made before the organization of the company, and that the company consequently were not bound by any thing which then occurred. But the form of the note, raised a presumption that it was given as a premium note, not as a stock note, hence the company were not authorized to use it for the purpose of effecting their organization, if such use would change the liability of the maker on it, until his assent was obtained. I think, however, the company were bound by what occurred at the time the note was made and delivered to Menness. He became the agent of the company on its organization, and signed the defendant's application for insurance as the agent of the company. The company received the note from him as their agent, and having adopted his acts, must be held to be bound by the transaction. It is a general rule that where a ratification by a principal is established as to a part, it operates as a confirmation of the whole. (*Story on Agency*, § 250.) So if the company used the note they were bound to use it according to the arrangement under which it was made and delivered. The

Bell v. Shibley.

company must be deemed, therefore, to have had notice of the purpose for which the note was given.

It follows that the company could enforce the note only as a premium note. The receiver is in no better condition, as he stands in the place of the company, with no greater rights. It has been repeatedly held that a receiver is subject to all the rights and equities existing against the company. Judge Bronson said (4 *Comst.* 387–392,) that the receiver took the place of the company and stands as the representative of the company. (*See also* 3 *Comst.* 422; 6 *Paige*, 220; 1 *id.* 444; 15 *How.* 210; 25 *Barb.* 120.)

It is not necessary to pass upon the question whether a valid appointment of the plaintiff as receiver is shown, inasmuch as the case is conclusively against a right of recovery on the note as an original stock note.

The verdict in this case was directed, subject to the opinion of the court at general term, pursuant to section 265 of the code of procedure. In giving this direction I think the judge erred. That section provides, that when upon a trial the case presents only questions of law, the judge may direct a verdict subject to the opinion of the court at general term. This is understood to apply to cases where, the facts being found or conceded, it only remains to pronounce the law— not to a case in which, as in this, there is a question as to the admissibility of evidence. The evidence which gives support to the defense in this case was allowed, against objection, thus raising in the case a question of evidence. It was not, therefore, regular for the judge to direct a verdict subject to the opinion of the court at general term. (16 *How.* 542. 29 *Barb.* 180. 16 *New York Rep.* 602.)

The case must go back for a new trial, on account of this irregularity.

Verdict set aside and new trial ordered.

[CLINTON GENERAL TERM, May 7, 1861. *Rosekrans, Potter* and *Bockes,* Justices.]