THE FIRE DEPARTMENT OF THE VILLAGE OF WHITESBORO, PLAINTIFF, v. MILTON H. THOMSON AND MORTIMER G. THOMSON, DEFENDANTS.

*Code of Civil Procedure, § 1185 — when the court cannot direct a verdict subject to the opinion of the General Term.*

Upon the trial of this action exceptions were taken by each party to rulings admitting evidence, and defendants excepted to a refusal to submit certain questions of fact to the jury. The court directed a verdict subject to the opinion of the court at General Term, under section 1185 of the Code of Civil Procedure. *Held*, that this was error, and constituted a mistrial.

MOTION for judgment on a verdict directed by the court, subject to the opinion of the General Term. The defendant on the trial excepted to the order directing the verdict for the plaintiff, and also to the refusal of the court to submit certain questions of fact to the jury, and each party also took exceptions to the rulings of the court, under which certain evidence was admitted.

*Bagg & Collins*, for the plaintiff.

*Risley, Stoddard & Matteson*, for the defendants.

SMITH, J. :

This case was tried by a jury at the Oneida Circuit, and a verdict was ordered for the plaintiff, subject to the opinion of the court. The action was to recover ten penalties of $200 each against defendants for insuring property in Whitesboro against fire, as the agents of insurance companies not incorporated under the laws of this State, without having filed the bond prescribed by chapter 465 of the Laws of 1875. The verdict was for three penalties only. The plaintiffs now move for judgment on the verdict, and also for the seven other penalties claimed in the complaint, which they insist they are entitled to recover on the evidence. The defendants move for judgment in their favor.

The order directing a verdict subject to the opinion of the court was irregular. Exceptions were taken by each party to rulings admitting or excluding evidence. The defendants also excepted to the refusal of the judge to submit to the jury certain questions of fact. The order was made under section 1185 of the Code of Civil Procedure, which authorizes a verdict to be directed subject to the opinion of the court, where the case presents only questions of law. The Code of Procedure contained the same provision. (Section 265.) It has been held frequently that the provision applies to cases where, the facts being found or conceded, it only remains to pronounce the law, not to a case in which, as in this, there is a question as to the admissibility of evidence. (*Bell* v. *Shibley*, 33 Barb., 610; *Sackett* v. *Spencer*, 29 id., 180; *Briggs* v. *Merrill*, 58 id., 389; *Purchase* v. *Matteson*, 25 N. Y., 211; *Byrnes* v. *The City of Cohoes*, 67 id., 204; *Biddlecom* v. *Newton*, 13 Hun, 582.)

The defendants have not waived their exceptions by consenting to the disposition made of the case on the trial, as was done in *Brynes* v. *Cohoes* (*supra*), nor by omitting to insist on their exceptions at the argument, as was the case in *Briggs* v. *Merrill* and *Biddlecom* v. *Newton* (*supra*). On the contrary, they excepted at the trial to the order directing a verdict for the plaintiff, and asked that the case be submitted to the jury, and here they have argued several of the exceptions taken by them to rulings upon questions of evidence. The case must be retried on account of this irregularity.

Verdict set aside and new trial ordered, costs to abide event.

TALCOTT P. J., and HARDIN, J., concurred.

Ordered accordingly.