ALBERT G. CLARKE, RESPONDENT *v.* THOMAS A.
MARLOW, ADMINISTRATOR, APPELLANT.

[Submitted Oct. 8, 1897.   Decided Oct. 25, 1897.]

1. AN agreement written on a promissory note as follows, "I hereby assume and agree
to pay the within note," and delivered to the payee, is a promissory note to the
payee in the original note, although no payee is named in the agreement, and is not a
mere admission of an indebtedness.
2. A PROMISSORY note need not contain the words "value received" or other consider-
ation.

*Appeal from District Court, Lewis and Clarke County.
Horace R. Buck, Judge.*

ACTION by Albert G. Clarke against Thomas A. Marlow, as
administrator with the will annexed of the estate of Charles
A. Broadwater, deceased.   From a judgment in favor of
plaintiff, and from an order overruling a motion for a new
trial, defendant appeals.   Modified.

Statement of the case by the justice delivering the opinion.

Appeal from a judgment and order overruling the defend-
ant's motion for a new trial.

The substance of the complaint is that the North Montana
Cattle Company, on September 15, 1885, executed and de-
livered to respondent, Clarke, its promissory note, for value
received, for $21,000, payable one year after date, with in-
terest from date at the rate of 1 per cent. per month, at the
Montana National Bank, in the City of Helena, State of Mon-
tana, and that no part of said note had been paid, except the
interest thereon up to September 15, 1887; that on January
8, 1889, respondent, Clarke, in consideration of Charles A.
Broadwater, appellant's testator, during his lifetime promis-
ing and agreeing to pay to plaintiff (respondent) the sum of
$21,000, sold the said note to said deceased, Broadwater, and
thereupon made the following indorsement thereon, and de-

livered the said note so indorsed to the said Broadwater: "Pay to the order of C. A. Broadwater. [Signed] A. G. Clarke."

It is then averred: "That said deceased, during his lifetime, accepted and received said promissory note under said agreement, and thereafter, on the 22d day of January, 1889, not having paid the sum so agreed to be paid, or any part thereof, said deceased, as evidence of his indebtedness to this plaintiff on account of the transaction aforesaid, made the following indorsement upon said promissory note, and delivered the same so indorsed to this plaintiff, to-wit:

"'I hereby assume and agree to pay the principal of the within note. [Signed] C. A. Broadwater.' That said sum of $21,000, with lawful interest thereon since the sale and delivery of said note to said deceased, and every part thereof, remains due and unpaid."

The complaint then alleged the decease of Charles A. Broadwater; the appointment of an administrator with the will annexed; the presentation "of the claim hereinbefore set forth, verified by the oath of the claimant, the same being this plaintiff, and being the claim upon which this action was founded;" and that the claim was rejected by the executor. Judgment was asked against the defendant, the executor, for the sum of $21,000, with interest thereon at the rate of · 10 per cent. per annum from the date of the sale, transfer, and delivery of said note, as set forth in the complaint.

A general demurrer was interposed on the ground that the complaint did not state facts sufficient to constitute a cause of action, and raising as a bar to the recovery in the action the statute of limitations.

The demurrer was overruled, whereupon defendant answered, denying all the essential allegations of the complaint, and again setting up the plea of the statute of limitations.

A trial was had by the court, evidence was heard, and judgment entered in favor of the plaintiff for $21,000, with interest at the rate of 12 per cent. per annum from January 22, 1889.

*II. G. McIntire* and *Clayberg, Corbett & Gunn,* attorneys for Appellants.

The cause of action is for the unpaid purchase price of the note which was sold by plaintiff to defendant's testator, and which accrued at the date of such alleged sale, to-wit, January 8, 1889.

Under Section 44 of the Code of Civil Procedure such a cause of action is barred within three years after its accrual. What effect, then, upon this case, has the writing of January 22, 1889 ? Such writing is an acknowledgment simply of the indebtedness then due from Broadwater to Clarke, and inasmuch as it was made prior to the statutory bar to a suit on such indebtedness, any suit brought must be on the original promise, the statute, however, beginning to run from the date of such new acknowledgment. As this, by the allegation of the complaint, was January 22, 1889, and as this action was not begun until October 22, 1892, more than three years had elapsed and the statutory bar had become complete. It is only where the acknowledgment is made subsequent to the attaching of the bar on the original promise that a suit will lie upon it as a new promise. (*McCormick* v. *Brown,* 36 Cal. 180; *Chidsey* v. *Powell,* 91 Mo. 626; Wood on Limitations, Sections 74, 81.)

Under Section 156 of the Probate Practice Act, Compiled Statutes, p. 313, an executor or administrator is prohibited from allowing a claim barred by the statute of limitations. (*In re Mouillerat's Estate,* 36 Pac. 186.)

If, however, the cause of action stated in this complaint is the promise expressed in the endorsement of January 22, 1889, then the complaint does not state facts sufficient to constitute a cause of action. The note upon which this endorsement is found is dated September 15, 1885, and is payable one year after its date. The endorsement was made therefore more than two years after the maturity of the note. The Montana Statute of Frauds, Compiled Statutes, p. 652, Section 223 Subdivision 2, requires that a promise to answer for

the debt, default or miscarriage of another shall not only be in writing by the party to be charged therewith, but the writing must express the consideration · for the promise. In this case no consideration is expressed. *Comstock* v. *Breed*, 12 Cal. 288, 289; *E llison* v. *Jackson Water Co.*, 12 Cal. 553. The plaintiff having deliberately confined himself to a particular consideration for the writing of January 22, 1889, of course it was not competent to prove any other or different one. (See *Bruyn* v. *Russell*, 4 N. Y. Sup. 784, S. C. 52 Hun. 19.) Nor is the plaintiff helped in this regard by any presumption of law. The writing referred to is not a note in that it is not dated nor does it name any payee—the latter of which is an essential part of a valid promissory note without which it would be so much waste paper.' (1 Daniel on Neg. Inst. Section 102.)

The consideration for such a writing as this must both be alleged and proved by the plaintiff or he fails to make out his case. (Abbott's Trial Evidence, p 457; *Spear* v. *Downing*, 3 Barb. 522; *Sanders* v. *Bagwell*, 10 S. E. Rep. 946.)

*Toole & Wallace*, Attorneys for Respondent.

If the note to respondent by The North Montana Cattle Company and the writing upon the back thereof signed by the testator constitute a promissory note of the testator, then are the questions presented by appellant unavailing.

It is not barred by limitation; is an independent and not a collateral promise, so as to be effected by the Statute of Frauds and imparts a consideration which has not been impeached. If, therefore, the instrument—being set out *haec verba*—is (under the law as construed by the court under the statutes of the state and decisions of the courts) a promissory note, it is useless to pursue this investigation further.

a.   We have no statute requiring the words "value received" to be inserted in a promissory note. At common law an absolute and unconditional promise to pay is all that is required to commercial paper—the language is, "I hereby assume and agree to pay the principal of the within note."

This makes it a promissory note. (Compiled Statutes, p. 201, Section 647; p. 636, Section 656; Randall on Commercial Paper, Section 178, p. 276, and authorities cited in note 2; Byles on Bills, 87; Chitty on Bills of Ex. 79, 184; Benjamin's Chalmers Bills, N. & C., 2nd Am. Ed. 21; Daniel on Neg. Ins. Vol. 1, 117; 1 Edwards, Section 202; 1 Parsons, 173; Story on Bills, Section 63; Story on Prom. Notes, Section 51; *White* v. *Ledwig*, 4 Doug. 427; *Hatch* v. *Trayes*, 11 A. &. E. 702; *Mehlburg* v. *Tisjer*, 24 Wis. 607; *Grant* v. *De Costa*, 3 M. & S., 351; *Pepperwell* v. *Wilson*, 1 Stra., 264.)

b. While no payee is named in express words, plaintiff is named by implication, because the new note is upon the old one. (*Leonard* v. *Mason*, 1 Wendell, 522; *Leonard* v. *Mason*, 1 Ames' Cases on Bills and Notes, page 57; *Com. Ins. Co.* v. *Whitney*, 1 Metc., (Mass.) 23; *Hoyt* v. *Lynch*, 2 Sandf., 328; Randall Com. Paper, Vol. 1, page 228.)

c. Some authorities hold the note to be good without it. (*Minet* v. *Gibson*, 1 H. Bl., 608; *Rich* v. *Starbuck*, 51 Ind., 87; *Douglas* v. *Wilkeson*, 6 Wend., 637.

d. Nor is any date essential at common law, and we have no statute requiring any. (2 Am. & Eng. Enc., 320; *Giles* v. *Bourne*, 6 M. & S., 73; *Vandever* v. *Ogburn*, Penn. (N. J.) 67; *Seldonridge* v. *Connable*, 32 Ind., 375.)

e. Nor is any time of payment expressed, but this is not essential; it is payable on demand. (Randall on Com. Paper, Section 16, p. 14; 2 Am. & Eng. Enc. of Law, 327 and Cases.)

f. The writing being on the old note after maturity rendered the promisor immediately liable and the matter to date and demand is supplied. (II Randall Com. Paper, Section 851, p. 520; *Winchell* v. *Doty*, 15 Hun., 1; *Gunn* v. *Madigan*, 28 Wis., 158.)

g. In general any expression of a promise to pay will make a promissory note of what would otherwise be in form *merely an acknowledgment* of debt. (1 Randall on Com. Paper, Section 90, p. 107.)

h. And no particular form of words is necessary. (Byles

on Bills, 78; Story on Prom. Notes, Section 3, 12; *Brooks* v. *Elkins*, 2 M. & W., 74; *Patridge* v. *Davis*, 20 Vt., 499; Randall on Com. Paper, Section 96, p. 101; 1 Daniel on Neg. Ins., p. 82.)

i. The fact that for convenience the new note was written upon the old one, and the payee and the amount to be indicated by reference to the old note, does not effect its validity as a promissory note, but rather gives force to it. (*Com. Ins. Co.* v. *Whitney*, 1 Metc., 23; *Leonard* v. *Mason*, 1 Wendell, 522; *Leonard* v. *Mason*, 1 Ames' Cases on N. & B. 57.)

Appellant in reply :

It is an indispensable requisite to a promissory note that a payee should be named therein, or ascertainable therefrom. (Randolph on Com. Paper, Section 150; *Walrad* v. *Petrie*, 4 Wend. 576; *McIntosh* v. *Lytle*, 3 N. W. 983; *Brown* v. *Gilman*, 13 Mass. 157; Tiedeman on Commercial Paper, Section 17; Norton on Bills and Notes, Section 42; *Evertson* v. *National Bank*, 66 N. Y. 14; *Gibson* v. *Minot*, 1 H. Bl. 569; *Douglas* v. *Wilkeson*, 6 Wend. 637; Bagley on Bills, Section 22; Code of Civil Procedure, Section 3993 and note.)

It requires two persons to make a contract. A party cannot contract with himself. A note payable to the maker is a nullity. (Tiedeman on Commercial Paper, Section 20; *Scull* v. *Edwards*, 56 Am. Dec. 294; *Allen* v. *Shadburne*, 25 Am. Dec. 121; *Muhling* v. *Sattler & Co.*, 77 Am. Dec. 172.)

A note payable to the maker or order is inoperative until it is indorsed and delivered. (Tiedeman on Commercial Paper, Section 20; *Hooper* v. *Williams*, 2 Exch. 18; Norton on Bills and Notes, Section 50; *Scull* v. *Edwards*, 56 Am. Dec. 294; *Pitcher* v. *Barrows*, 28 Am. Dec. 306; *Commonwealth* v. *Dallinger*, 118 Mass. 439; *Smalley* v. *Wright*, 69 Am. Dec. 112; *Bishop* v. *Rowe*, 77 Me. 263; *Wilder* v. *De Wolf*, 24 Ill. 190; *Muhling* v. *Sattler & Co.*, 77 Am. Dec. 172; *Little* v. *Rogers*, 42 Mass. 108; *Pickering* v. *Cording*, 92 Ind. 306; 1 Randolph on Commercial Paper, Section 153.)

The endorsement by respondent upon this note was an in-

cident to the note and became a part of the contract.  Counsel citing also other authorities on the Statute of Limitations.

HUNT, J.—The appellant asks us to regard the indorsement made by Broadwater as a mere admission that a debt was due, and that it was intended as, and was only, evidence of a preexisting contract between the parties, and not a new contract. It must be conceded that, if it was such an admission, and can be regarded only as evidence tending to establish a debt, it was not a promise such as is required for a negotiable promissory note.   "A promissory note is a new obligation, and not simply evidence of an old obligation.   An acknowedgment of indebtedness is evidence of an old obligation, but creates no new obligation.''  (Norton, Bills & N. p. 27, where Norton's text is exactly the language of Prof. Ames in his index and summary of his Selected Cases on Bills and Notes, vol. 2, p. 827.)

The foregoing rules will not be controverted, but, in our judgment, they cannot control in this case, because here it was intended by the testator to assume and pay the note to respondent as a distinctly new obligation, and we gather that intent from the form of words used in the instrument itself.

No particular form of words is necessary to constitute a promissory note.  (*Chadwick* v. *Allen*, 1 Ames' Cases on Bills & N. p. 112.)   The words "value received" express only what the law must imply from the nature of the instrument, and the relation of the parties apparent upon it.   However essential they may have once been thought to be, at common law they were not necessary.   All commercial paper at common law implies a consideration, though none be expressed by the words "value received" or other words.  (*Hatch* v. *Trayes*, 11 Adol. & E. 702; Edw. Bills &. N. § 202; Rand. Com. Paper, § 178.)

Having no statute in Montana requiring the use of the expression "value received," it is not essential.  (Story. Prom. Notes. § 51.)

Nor do we doubt appellant's contention that it is indis-

pensable to a promissory note that a payee be named therein, or that a payee be ascertainable therefrom.

The rule is thus laid down in Randolph Com. Paper, § 151 : "Although the payee should properly be named in all commercial paper in the instrument itself, this is not absolutely necessary   *   *   *   So a new promise written under a note, but naming no payee, is a promissory note to the payee named in the note above."

But let us apply that rule. The North Montana Cattle Company, on September 15, 1885, executed and delivered its promissory note for $21,000, due one year after date, to respondent, Clarke. On January 8, 1889, respondent, Clarke, sold and delivered said note to Broadwater. According to commercial usages, at the time of such sale and delivery respondent, Clarke, indorsed on the note, "Pay to the order of C. A. Broadwater."

Thereafter, on January 22, Broadwater delivered the original note to respondent, Clarke, indorsed as follows : "I hereby assume and agree to pay the principal of the within note. [Signed] C. A. Broadwater."

By assuming and agreeing to pay the principal of "the within note," he obligated himself to pay the sum specified as principal in the "within note;" that is, he made an open promise in writing to pay the sum of $21,000 and interest absolutely, and at all events. The indorsement must be considered with the face of the note. This is perfectly clear to us; and it would seem to be equally clear that under such rule of construction the payee, although not expressly named in words by Broadwater, was designated and named with equal certainty and exactness by the terms of the "within note," to which he referred, and which was payable to this respondent, Clarke.

In *Commonwealth Insurance Co.* v. *Whitney*, 1 Metc. (Mass.) 21, plaintiff gave in evidence defendant's promissory note, dated September 24, 1824, on the margin of which defendants wrote these words : "Nov. 4th, 1831. For value received, I hereby acknowledge this note to be due, and promise to pay the same on demand."

Chief Justice Shaw, for the Supreme Court, said he regarded the memorandum made by defendant as a promissory note within the statute of Massachusetts.   He continued as follows :   "It is made on  good  consideration,  viz : the payment of  an  existing  note, then  near  being  barred; and purports to be for  value received.    It is a promise to pay a sum of money on demand.    The sum  and  the name  of  the payee are not expressed in words, but they are expressed with equal exactness and certainty  by  reference to  the note on the same paper.    *Grinnell* v.  *Baxter*,  17  Pick.  386.    It is  a  new promise, in writing, on a good  consideration, to pay a certain sum of money to a certain company on demand, and signed in presence of an attesting witness.    It is a note, on which, if properly set out in a declaration, an action would lie."

It would be difficult to find a case  more clearly resembling the one before us.    In the Massachusetts case the sum and name of the payee were not expressed in words; and while, in ours, the sum, the name of  the payee, and the words "value received" are not written,  yet all are expressed "with equal exactness and certainty" by reference to the note on the same paper, and by the implications of commercial law.

Another case  entitled  to  especial  reference because of  its similtude to the one before us is that of  *Bullen* v.  *McGillicuddy*,  decided in  1834  by the Court of Appeals  of Kentucky, reported in  2  Dana  90.    Bullen  and  others, on May 22, 1830, executed a note to McGillicuddy, promising to pay him,  four months after  date, $1,700, for  value received, etc. A credit was indorsed on the back of  the note, and there was also on the back  of  the note an  instrument in these  words : "Louisville,  Oct. 3d,  1830.    On demand we promise to pay the amount of the within note, in goods, deducting the above sum of  two hundred and sixteen  dollars five cents.    [Signed] Tillay,  Scott & Co."    The  plea was set  up that the  note alleged to have been executed to the plaintiff, McGillicuddy, by the defendants was void, because there  was  no obligee in the obligation at all.    The court used the following language, which we quote as  peculiarly pertinent to  the present controversy :

"It is true that there is not inserted the name of an obligee or payee in the body of the instrument; but we think that it is as clearly ascertainable from the indorsement, signed by Tillay, Scott & Co., connected with the note to which it refers, who the payee is, as if the name had been inserted. In construing the indorsement, it must be connected with the note, because it expressly refers to the 'within note.' The amount which Tillay, Scott & Co. promised to pay must be ascertained by looking into the note. If obligors may fix the amount of their liability by reference to other papers, as most indubitably they may, why may they not designate the payee in the same manner ? If the promise had been to pay the amount of the within note to the within-mentioned payee, although the name was not mentioned, the reference would have made the undertaking as certain in respect to parties and amount, as if the sum had been expressed in dollars and cents, and the names all given. It is equally certain as it now stands. On demand Tillay, Scott & Co. promise to pay the within note. Who has the right to demand the payment of the note ? No one but McGillicuddy. Who has a right to receive payment ? He alone has it, and if Tillay, Scott & Co. should pay to any one but him it would be no discharge of the note. Who permitted them to sign the indorsement, dated the 3rd of October, upon the back of the note, dated the 22nd of May ? Nobody but McGillicuddy, for the note must be considered as in his possession, and subject to his control. The indorsement is utterly void, or it is a contract with him to pay the amount of the note. All the foregoing considerations show that McGillicuddy is designated with sufficient certainty as the payee, and it would be very hard to deprive him of the right to enforce the payment by Tillay, Scott & Co., were he to desire it."

So with relation to the words "on demand." The law implies a promise to pay on demand where a good promissory note specifies no time of payment (*Leonard* v. *Mason*, 1 Wend. 522; *Sackett* v. *Spencer,* 29 Barb. 180; *Cornell* v. *Moulton*, 3 Denio 12; Randolph on Commercial Paper, page

14, § 16.) Nor was a date essential to the note. (Tied. on Commercial Paper, § 10.) That it was we do not think is contended.

We therefore find that the instrument in suit is directly within the broad principle laid down by Judge Cowen in *Luqueer* v. *Prosser*, 1 Hill 256, that, if the paper imports an engagement to pay money absolutely, it is a good note, without reference to any particular form of words used by the maker. (*Green* v. *Davies*, 4 Barn. & C. page 235.)

There is no force in the argument of the appellant that the note had been negotiated and sold, and was payable to Broadwater, or order, at the time of Broadwater's indorsement thereon, because plainly Broadwater delivered the note, with his own promise in writing thereon, to Clarke, and thus parted with any apparent ownership he may have had in the same.

Appellant makes the point that the averments of the complaint in relation to the indorsement of Broadwater (see statement of facts preceding this opinion) and those pertaining to Broadwater's indebtedness to respondent were necessary to be made, in order to show that the agreement in writing was for the benefit of respondent; hence the instrument cannot be treated as a promissory note. These averments are really surplus matter in the complaint, but, being there, we do not construe the complaint as pleading mere admissions of debt by Broadwater, or as stating a cause of action as upon a mere evidence of pre-existing debt. The causes that led up to the execution of the independent promise of Broadwater are recited to show consideration for the new promise; and although, for ambiguity, demurrer might perhaps have been well interposed, as said before, there is nothing in the recitals which destroy the sufficiency of the complaint as stating a cause of action upon a new and independent promise of the testator to pay to respondent $21,000.

The District Court regarded the paper as a promissory note, and allowed respondent interest on a judgment for $21,000, principal of the note, from the date of the delivery. of the

same by Broadwater to Clarke, to wit, January 22, 1889, at the rate of 12 per cent. per annum. We affirm the date from which interest should properly be computed as correct, but the rate should be 10 instead of 12 per cent. per annum, as prayed for by the complaint.

Inasmuch as our judgment is that the writing was a promissory note, discussion of the statute of limitations and of other questions raised becomes unnecessary.

The order will be made remanding the cause to the District Court in order that the judgment may be modified as to the rate of interest to be allowed as herein indicated, and, when so modified, the judgment and order appealed from will be affirmed.

*Modified and Affirmed.*

PEMBERTON, C. J., concurs.     BUCK, J., disqualified.

