##### IN THE

# SUPREME COURT OF ERRORS,

### HOLDEN AT NEW-HAVEN, IN NOVEMBER, 1812.

———◦+◦———

#### PRESENT,

THE HON. STEPHEN MIX MITCHELL, CHIEF JUDGE,
TAPPING REEVE,
ZEPHANIAH SWIFT,
JOHN TRUMBULL,
WILLIAM EDMOND,
NATHANIEL SMITH,   } JUDGES.
JEREMIAH G. BRAINARD,
SIMEON BALDWIN,
JONATHAN INGERSOLL,

———◦+◦———

JOSEPH L. SMITH and SETH P. BEERS *against* JOHN ALLEN.

#### IN ERROR.

THIS was an action of *assumpsit*, originally brought by the defendant in error, against the plaintiffs in error.

The declaration was of the following tenor, *viz.* " For that the defendants, in and by a certain writing or note, under their hands, by them well executed, dated the 30th day of *August*, A. D. 1808, promised the plaintiff, to pay to him, for value received, the sum of ninety-four dollars, ninety-one

*A writing in these words, " Due A. B. 100 dollars, on demand," imports an express promise to pay on demand, and may be declared upon, as such.*

A judgment rendered for a larger sum in damages, than the amount of damages laid in the declaration, is erroneous.

Where a defendant in error, pending the suit, in the Supreme Court of Errors, having died, the administrator appeared, and waiving a *scire facias,* or any further notice, consented that the cause proceed to final issue ; it was held, that such proceeding was regular, in analogy to the provision of the stat. *tit.* 2. *c.* 1, *s.* 3.

VOL. V.                    S s

cents, on demand; which is in the words following: ' Due *John Allen* ninety-four dollars, 91 cents, on demand. *Litchfield, August* 30th, 1808.                    *Joseph L. Smith,*

*Seth P. Beers.*'

" Now the plaintiff further says, that the defendants, their promise aforesaid not regarding, have never performed the same," &c. " which is to the damage of the plaintiff, the sum of 100 dollars," &c.

To this there was a demurrer; and the Superior Court adjudged the declaration sufficient, and rendered judgment for the plaintiff, for 111 dollars, 99 cents, and costs: And to reverse this judgment, the present writ of error was brought.

The defendant in error having deceased since the last term of this court, *Gould* enquired whether the suit could be kept alive within, or in analogy to, the statute, *tit. 2. c. 1. s. 3.?* He had no objection, if it could be done.

*Per Curiam.* Such proceeding may be had, in analogy to the statute.

Whereupon, *Elizur Goodrich* and *Asa Bacon*, jun. Esquires, administrators of the estate of the defendant in error, appeared, waived a *scire facias*, or any further notice, and consented that the cause should proceed to final issue.

*Peters*, for the plaintiffs in error.

1. An express promise is alleged in the declaration. The instrument declared upon, and recited, furnishes no evidence of such a promise, and is only evidence of the acknowledgment of a debt. [*Smith, J.* Have the words " on demand," no meaning? If they have, what is it? Do they not import an agreement to pay on demand?] The word " due" is the only operative word. The instrument, then, imports only the acknowledgment of a debt; and the words " on demand," mean only, that the debt is due *in presenti*. The declaration alleges, that the defendants promised, expressly, to pay the sum contained in the instrument. The instrument itself contains no such promise. *Fisher* v. *Leslie*, 1 *'Esp. Rep.* 426.

2. But supposing the declaration to be sufficient, still,

judgment was rendered for a greater sum than the plaintiff was entitled to recover. The plaintiff laid his damages at 100 dollars. The court rendered judgment for 111 dollars, 99 cents. This point is too clear for argument. The judgment must be reversed.

*Gould* and *Bacon*, for the defendant in error. The only question in this case, is, whether the instrument recited supports the declaration ? The declaration, it is true, alleges a promise, and it is equally clear, that the writing imports a promise. It is a correct principle, that a writing must be declared upon according to its legal import. It has been decided, that the act of drawing a bill, amounts to an express promise. *Starkey* v. *Cheeseman*, 1 *Salk*. 128. The word " due" is an acknowledgment of indebtedness. An indebtedness, of itself, implies a promise. *A fortiori*, an express acknowledgment of indebtedness amounts to an actual promise. *Mountford & al.* v. *Horton*, 2 *New Rep.* 62.

The words " on demand," shew clearly, that the money was to be paid on demand. The instrument, then, imports an express agreement to pay on demand.

SMITH, J. This was a writ of error, brought by the defendants in the court below, to reverse a judgment rendered against them in that court.

The declaration was in common form, in *assumpsit*, counting upon a promissory note, and demanding 100 dollars, damages. To this, there was a demurrer and joinder in demurrer. The writing counted upon, and recited in the declaration, was of the following tenor, *viz.* " Due *John Allen* ninety-four dollars, 91 cents. *Litchfield, August* 30th, 1808.
                                    *Joseph L. Smith,*
                                    *Seth P. Beers.*"

The court below, adjudged the declaration to be sufficient, and rendered judgment for the plaintiff, to recover 111 dollars, 99 cents, damages.

On inspection of the record, it appears, that judgment was

rendered for a larger sum than is warranted by law, and therefore, on that ground, is clearly erroneous, and must be reversed.

But still, the question arises, whether this cause shall be remanded to the Superior Court? The decision of this question depends upon the sufficiency or insufficiency of the plaintiff's declaration : Because, if the instrument on which the action is brought, and which is recited in the declaration, will not sustain it, it will be useless to send the cause back for farther trial.

On this subject, in my view, it is very clear, that where a writing contains nothing more than a bare acknowledgment of a debt, it does not, in legal construction, import an express promise to pay. It would not appear, from such a writing, that the parties intended the debt should be paid. Their meaning might be, in such case, merely to settle their accounts, in writing, with a view to further dealings.

But where a writing, imports not only the acknowledgment of a debt, but an agreement to pay it; this amounts to an express contract.

From the writing in question, it is perfectly manifest, that the debt acknowledged to be due, was to be paid on demand, as fully, as if the words "to be paid," or, "which we promise to pay," had been inserted next before the words "on demand."

I think, therefore, that the declaration is sufficient; and that the cause ought to be remanded for further proceedings.

The other Judges severally concurred in this opinion.

Judgment reversed, and the cause remanded.