## MILLER ET AL v. McMILLAN ET AL.

1. An attachment cannot be sued out where the indebtedness of the defendant depends upon a contingency which may never happen : *aliter*, where the indebtedness is absolute, though the day of payment has not arrived.

2. An attachment issued against the estate of Charles G. Miller, William J. Wright and Thomas R. Crews; the writ was indorsed thus—" I do hereby authorize R. Thorn, as my special deputy, to execute the within attachment. 10th February, 1841. M. E. Gary, sheriff, S. C." " Levied on four bags marked T. R. C., also twenty-one bags W. J. W., also fifteen bags marked C. G. Miller, as the property of the defendants. M. E. Gary, S. S. C. by R. Thorn, D. S." Held, 1. That the Supreme Court must judicially know that Mathias E. Gary was sheriff of Sumter, and that the letters " S. C." are intended to designate that county. 2. That the appointment of the special deputy was regular; and, 3. That the return sufficiently shewed that the property levied on was the defendants.

3. Where an attachment against a non-resident debtor was continued in Court for more than six months after its return, it cannot be objected to a judgment rendered thereon, that publication of its pendency was not made.

4. It is no objection to a declaration in a suit commenced by attachment, that it charges the defendant in custody, instead of stating that his estate was attached.

WRIT of Error to the Circuit Court of Sumter.

This was an action commenced by attachment, at the suit of the defendants in error, against the plaintiffs, as non-resident debtors. The affidavit declares, " that Charles G. Miller, William J. Wright and Thomas R. Crews, will, on the first day of March next, be justly indebted to him, the said McMillan, to the amount of eight hundred and fifty dollars," &c., and is dated on the 12th February, 1841. The writ of attachment pursues the affidavit, and is indorsed as follows :

" I do hereby authorize R. Thorn, as my special deputy to execute the within attachment. 10th February, 1841.
                    M. E. GARY, Sheriff S. C."
" Levied on 4 bags marked T. R. C., also 21 bags W. J. W., also 15 bags marked C. G. Miller, as the property of the defendants, this February 15th, 1841.
                    M. E. GARY, S. S. C.
                         By R. THORN, D. S."

The declaration is in the usual form, on a promissory note, charges the defendant in custody, &c., was filed on the return of the attachment, at March term, 1841; and a judgment was rendered at the term next succeeding, by default.

ELLIS, for the plaintiffs in error. The affidavit and attachment are insufficient, in not setting out the indebtedness charged, with more particularity as the statute requires. The levy of the attachment is defective—1. In not showing by what sheriff it was made. 2. Because the authority to the deputy was not regular. 3. Because it does not show which of the defendants property was levied on.

Again : There was no notice of publication, or order made limiting the time for the defendants to appear, &c. And the declaration is bad in charging the defendants in custody, instead of alledging their property had been attached.

He cited 3 Stewt. Rep. 326 ; 2 Stewt. & P. Rep. 406 ; 6 Porter's Rep. 455.

CRABB & COCHRAN, for the defendants, submitted the following brief of an argument:

Miller et al v. McMillan et al.

1. The attachment laws are not to be construed rigidly, and any slight or formal defects or irregularities will be amended. [Pearsoll and Stanton v. Middlebrook, 2 St. and Por. 406.]

2. A defendant in attachment cannot, by plea in abatement, contest the truth of the facts charged as the ground of the attachment, when the affidavit and other proceedings on their face appear regular and sufficient. [Middlebrook v. Ames, 5 St. and Porter, 158.]

3. An attachment ought not to be quashed because the articles of personal property levied on are not specifically described in the sheriff's return. [Green v. Pyne, 1 Ala. Rep. 235.]

4. The return of a sheriff to a judicial attachment against three defendants, that by virtue of the writ he had levied on certain slaves, and that the same were replevied by the bond of the defendants, is conclusive to show that the slaves were the property of all the defendants. [Kirksey et al v Bates, 1 Ala. Rep. 303; Bickerstaff v. Patterson, 8 Porter, 245.]

5. Notice to defendant, or advertisement, is not necessary in a case of attachment against an absent defendant where the judgment is not rendered until after the expiration of six months from the issuance of the attachment. [Bickerstaff v. Patterson, 8 Port. Rep. 245.]

6. A possible debt, depending upon a contingency which may never happen, cannot be proceeded on by attachment. [P. and M. Bank of Mobile v. Andrews, 8 Port. 404.] But such contingency must appear of record, to be available.

7. When the suit is commenced by attachment, it is unnecessary to carry into the declaration any of the recitals contained in the bond and affidavit, as these have no connection with the cause of action. [Reynolds v. Bell, 3 Ala. Rep. 57.]

8. It is not lawful for the defendant in any original attachment to traverse or put in issue the grounds upon which the attachment issued. [Statute of 1837, Meek's Sup. 8, §5.]

COLLIER, C. J.—1. The objection taken to the affidavit and attachment, even conceding that it is now regularly made, cannot be sustained. In effect they charge that the defendants are indebted to the plaintiffs in a sum of money to be paid *in futuro*. This is permitted by the seventh section of the act of

1833, which expressly authorizes the issuance of an attachment, "although the debt or demand of the plaintiff be not due." [Aik. Dig. 39.] In this respect the case is unlike Benson v. Campbell, [6 Porter's Rep. 455;] there the defendant was not indebted at the time the process issued, and whether there ever would be an indebtedness, depended upon a contingency which might never happen; but here, so far as we are informed, the indebtedness is absolute, though the day of payment has not arrived. [See also the P. and M. Bank of Mobile v. Andrews, 8 Porter's Rep. 422.]

2. We must judicially know that the sheriff of Sumter county is named Mathias E. Gary, and knowing this, will intend that the letters "S. C." which follow his official designation, are the initials for Sumter county. This legal presumption is authorized both by analogy and precedent.

There is no statute in this State which prescribes the manner in which sheriffs shall appoint their deputies, and we cannot conceive of any valid objection to the special deputation which is shown by the record in this case. In McGehee v. Eastis, [3 Stewart's Rep. 307,] this question was largely considered, and the Court were of opinion that the sheriff was not restricted in the mode of appointment; even holding that the sheriff may appoint a general deputy by parol or without writing, and that such appointee may do any act of a ministerial character which his principal could.

The return of the levy is sufficiently specific. It states the number of the bales of cotton, with their marks, and affirms that they are the property of the defendants. The reasonable inference, and the legal conclusion, is, that they are the property of all the defendants in attachment. In Bickerstoff v. Patterson, [8 Porter's Rep. 245,] the sheriff returned that he had levied the attachment on sundry articles of property without adding that they were the defendant's; so in Kirksey et al v. Bates, [1 Ala. Rep. N. S. 303,] the sheriff returned that he had levied the attachment on several negroes, (naming them,) and that they were replevied by the defendant, without designating which one of them. In the first case the Court said they would intend the property levied on to belong to the defendant; in the latter that they would not look to the replevy bond, but would intend from the return, that the slaves were

the property of the *defendants*. These decisions are conclu-
sive to show that the return in the case at bar is unexception-
able.

3 The judgment was not rendered by the Circuit Court un-
til more than six months after the issuance of the attachment;
in fact until after the expiration of that period from its return
to that Court. This being the case, the publication of the pen-
dency of the attachment, supposed to be indispensable by the
counsel for the plaintiff in error, was wholly immaterial. Such
was the decision of this Court in Bickerstaff v. Patterson, 8
Porter's Rep. 245; Murray v. Cone et al, id. 250.

4. The objection to the declaration that it charges that de-
fendant is in custody, &c. instead of stating that hi· property
was attached, &c. is too formal to have been allowed on de-
murrer, much less can it avail on error.

The consequence is, that the judgment is affirmed.