## FLEMING, LINN & CO. v. BURGE.

1. The defendant in attachment cannot object, on error, unless the point has been regularly made in the primary court, that the bond executed by the plaintiff is defective, although the record does not show that the defendant had actual notice of the pendency of the suit previous to judgment.

2. The affidavit of a plaintiff in attachment need not disclose the cause, or evidence of defendant's indebtedness, whether by bond, note, &c.; the statute merely requires him to " swear to the amount of the sum due."

3. In an attachment against a non-resident debtor, no publication is necessary, where a judgment is not rendered until more than six months after the suit was commenced.

4. A writing, acknowledging that there is due from the subscriber to the person therein named, a certain sum of money, and stating for what cause it is due, is a promissory note, and a final judgment, by default, may be thereon rendered.

5. The sheriff's return to an attachment, stating that he had levied the same on four horses, (describing their colors,) as the property of the defendant, is sufficient.

Writ of error to the Circuit Court of Chambers.

This was an action commenced by attachment on the 10th of August, 1842, returnable to the circuit court on the second Monday after the fourth Monday of September next succeeding its teste, at the suit of the defendant in error against the plaintiffs. The plaintiff below declared on an instrument in writing, dated on the first day of June, 1842, by which the defendants acknowledged to be due to the plaintiff by them, the sum of one hundred and twenty-four 88-100 dollars, for keeping stage horses, which were then in their possession. The ground upon which the attachment issued, was the non-residence of the defendants, and the form of action, as characterized by the declaration, is assumpsit. At the term of the circuit court holden in April, 1843, a judgment by default was rendered against the defendant.

Reese, for the plaintiffs in error, made the following points:—
1. The bond executed by the plaintiff previous to suing out the attachment, does not conform to the statute. 2. The affidavit does not show whether the debt was due by bill, bond, note or

otherwise. 3. No notice was given to the defendants of the pendency of the attachment. 4. The writing declared on does not authorize a final judgment by default, nor does it amount to a promise by the defendants to pay money. 5. It does not appear that the property levied on belonged to the defendants.

BAUGH, for the defendant.

COLLIER, C. J.—1. It is not allowable to object on error, that the bond executed by the plaintiff in attachment is defective. If the defendant thinks proper to make such an objection in the primary court, it will be there entertained, yet the suit will not be dismissed, unless the plaintiff declines executing a sufficient bond. [Lowry v. Stowe, 7 Porter's Rep. 483; Alford v. Johnson, 9 Porter's Rep. 320; Scott v. Macy; et al. 3 Ala. Rep. 250.] The rule of law upon this point cannot be otherwise, although the record does not show that the defendant had actual notice of the pendency of the suit previous to judgment. If the defectiveness of the bond could be presented to this court for the first time, and the judgment for that cause reversed, the defendant would not only be subjected to delay, but would be burthened with costs, which might have been avoided if the defendant had appeared in the circuit court; and when, too, the plaintiff most probably was pursuing the appropriate remedy for the recovery of a just demand. The injustice which would result from tolerating such a course of procedure, is quite sufficient to show that the first point made cannot be supported.

2. The attachment law of this State does not require the plaintiff to make oath that the defendant is indebted to him by bill, bond, note, &c., but only that he shall "swear to the amount of the sum due." [Clay's Dig. 54, § 3.] The declaration, of course, will disclose the cause of action, and the defendant may understand from it, what he has to defend against. In every thing essential, it is believed the affidavit conforms to the statute.

3. In respect to the failure to make publication, or otherwise to give notice of the pendency of the suit, it has been repeatedly adjudged, that this was not necessary where a judgment was not rendered against the defendant until more than six months after the attachment issued. [Bickerstaff v. Patterson, 8 Porter's Rep. 245; Murray v. Cone, et al. id. 250; Miller, et al. v. McMillan, et

al. 4 Ala. Rep. 527.] In the present case, the suit was commenced at least eight months previous to the rendition of the judgment.

4. The writing declared on, is, in 'legal effect, a promissory note. It acknowledges that there is due the plaintiff by the defendants a sum certain, and then sets out the consideration of the indebtedness to be the keeping of stage horses in the defendant's possession. The recital of a consideration cannot change the character of the paper so as to make it less obligatory and conclusive than it would be without it.

5. The return of the sheriff upon the attachment is, that he had levied it on four horses, (describing their colors,) as the property of the defendants. This is clearly sufficient, and would have been unobjectionable, if it had omitted to state that the property levied on belonged to the defendants. [Bickerstaff v. Patterson, 8 Porter's Rep. 245; Kirksey, et al. v. Bates, 1 Ala. Rep. N. S. 303; Miller, et al. v. McMillan, et al., 4 Ala. Rep. 527.]

This view of the case is decisive, and the consequence is, that the judgment of the circuit court is affirmed.