## PERRINE *vs.* CARLISLE.

1. A party seeking relief in equity against a judgment at law, on the ground that he was ignorant of his defence until after the rendition of the judgment, must show the exercise of ordinary diligence to discover it, or that he was prevented from employing such diligence by fraud, accident, or the act of the opposite party, unmixed with fault or negligence on his own part.

2. The defendant in a judgment has a full and complete remedy at law, by *supersedeas*, to obtain credit for a part payment of the judgment, and consequently such payment constitutes no ground for equitable relief.

3. When a bill is filed for relief, and the jurisdiction of the court is

sought to be maintained on the ground of discovery alone, the bill should allege that the complainant is unable to prove the facts upon which he relies for relief otherwise than by the answer of the defendant.

ERROR to the Chancery Court of Mobile. Tried before the Hon. J. W. Lesesne.

THE allegations of the bill are, that Perrine became accommodation endorser on a certain bill of exchange for Riha, Sykes & Co., and left it with them to be used at its par value; that Riha, Sykes & Co., becoming embarrassed, sold the bill at a heavy discount to Carlisle; that Carlisle sued Perrine and Riha, Sykes & Co. on the bill, and recovered judgment; that Perrine had no knowledge, until after the rendition of the judgment, of the manner in which Carlisle obtained the bill, but supposed that he had obtained it in the regular course of business for its par value; that since the rendition of the judgment, complainant had learned from Carlisle himself that he had purchased the bill at a heavy and usurious discount; that execution issued on the judgment against Riha, Sykes & Co., under which eight hundred or a thousand dollars were collected; that execution also issued on the judgment against complainant, which was returned "no property found;" that thereupon Carlisle filed his bill in equity against complainant for a discovery of his estate, and after obtaining a discovery, had issued another execution against complainant for the full amount of his judgment, which execution was then in the hands of the sheriff, and had been levied on complainant's property.

The bill seeks relief against the judgment, and a discovery from the defendant as to the amount which he paid for said bill, and the amount which had been collected on said judgment against Riha, Sykes & Co. The chancellor dismissed the bill for want of equity.

HOPKINS, for plaintiff in error:

As the bill was dismissed for want of equity, all the allegations are entitled to the same effect as if they had been admitted by the defendant.—Bryant v. Peters, 3 Ala. 160. As the plaintiff was the accommodation endorser of the maker, the purchase of the bill by the defendant, at a greater discount than the

Perrine v. Carlisle.

legal rate of interest, was usurious,. (1 Por. 57; 14 Ala. 668;) and the plaintiff was only bound to pay the sum, without interest, which the defendant gave for the bill. The defendant is chargeable with notice that the complainant was an accommodation endorser, from the fact that the bill, endorsed in blank, was in the hands of the drawers.—1 Ala. 565; 18 Wend. 466.. The defendant, then, was not a *bona fide* purchaser in the regular course of trade, and the complainant is entitled to any defence which he might have made if the defendant had been informed of it before his purchase.. The defendant is chargeable with notice that Riha, Sykes & Co.. had no right whatever to sell the bill for less than its par value, and if he purchased with this knowledge he is not entitled to recover at all upon it.—13.. Ala. 390; 16 Wend. 574.

The presumption of law is, that Carlisle purchased the bill in the regular course of business, and that the transaction was entirely legal. The complainant, then, is not chargeable with negligence, in relying upon this presumption and omitting to make inquiry of the parties as to the character of the purchase. As complainant was ignorant of the usury until after the rendition. of the judgment, he is entitled to relief against the whole judgment.—2 Por. 262; 1 Stew.. & Por.. 41.

This bill is one for discovery as well as for relief.. Every bill for relief is one for discovery also.—Wigram on Disc. (11 Law Lib. 1, 3, 5, 13, 27.) The bill seeks a discovery as to the amount paid for the bill, and the amount collected on the judgment against Riha, Sykes & Co. The " *audita querela*" is in the nature of a bill in equity, for which a petition and *supersedeas* are now substituted.—4 Ala.. 572; 2 Black. Com. 313, note 3. The exercise of an equitable power by a court of common. law does not deprive a court of equity of any of its power, but makes the jurisdiction concurrent, and the power becomes exclusive in the court which first takes jurisdiction.—1 Story's Eq. 80; 9 Wheat. 532.. The usury in this case gives the court jurisdiction of that branch of the case,. and having jurisdiction as to part, the court will take jurisdiction of the whole case to avoid a multiplicity of suits. If there be a legal remedy by *supersedeas*, the complainant, having a right to a discovery of the. amount paid on the judgment, is also entitled to relief as consequent upon the discovery.—1 Story's Eq. § 81, 83,, 84.

GIBBONS, *contra.*

DARGAN, C. J.—As the defences set up to the debt anterior to the judgment at law are purely legal, the question is, whether this court has jurisdiction to afford the relief that the court of law was fully competent to give. The established doctrine of this court is, that equity will not interfere after a judgment at law, unless the party can impeach the justice of the judgment on grounds of which equity alone can take cognizance, and if the defence to the judgment could have been made at law, the party must then show that he was prevented from making it by fraud, accident, or the act of the opposite party, unmixed with negligence or fault on his part.—French v. Garner, 7 Por. 549; Lee & Norton v. The Insurance Bank of Columbus, 2 Ala. 20; Stinnett & Townsend v. The Branch Bank at Mobile, 9 ib. 120.

Testing the bill by this rule it is without equity. The allegations are, that the complainant endorsed the bill for the accommodation of Riha, Sykes & Co., and left it in their hands to be used at its par value, but they becoming embarrassed in their circumstances, sold it at a heavy and usurious discount. The bill also alleges that the complainant had no knowledge of the usurious transaction, by which Carlisle became possessed of the bill, until after the rendition of the judgment at law, but believed that he became possessed of it in the usual course of trade. The bill also shows that Carlisle himself, after the rendition of the judgment, informed the complainant of the terms on which he obtained the bill, but it alleges that this information was concealed by him from the complainant until the judgment was rendered.

Upon these allegations the inquiry arises, whether due diligence would not have required the complainant to make inquiry, before the rendition of the judgment, into the character of the transaction by which Carlisle obtained the bill, and thus learned the character of his liability, or the grounds of his defence. In the case of Lee & Norton v. The Insurance Bank of Columbus, (2 Ala. 20,) the bill showed that the complainants were the accommodation endorsers of one Hooker, and it alleged that they did not know of their legal defence until after the rendition of the judgment at law. This court held, that due diligence re-

quired that the complainants should have made inquiry of Hooker, who, it was to be presumed, was apprised of the facts, and would have given the proper information to enable them to make their defence at law ; and as they had failed to make such inquiry, they were not entitled to equitable relief.  In the case of Stinnett & Townsend v. The Bank, (9 Ala. 120;) one of the grounds of equity was that Douglass, the principal in the note, who was dead, had paid the bank fifty dollars before the rendition of the judgment.  It was also averred, that the complainants had no knowledge of this payment until after the judgment had been rendered.  The court said, that it did not appear that the complainants had used any diligence to ascertain the state of accounts between the Bank and the principal, nor that such information could not have been obtained upon due inquiry.  On this ground relief was denied.  In the opinion delivered in that case, it was said that a party who seeks the aid of a court of equity after a judgment at law against him, on the ground that he was ignorant of his defence, must show the exercise of ordinary diligence to discover it, or that he was prevented from employing such diligence by fraud, accident, or the act of the opposite party, unmixed with fault or negligence on his part.  If we sustain this bill, we must overrule both of these decisions ; for it is apparent that Riha, Sykes & Co., for whose accommodation the note was endorsed by the complainant, knew the terms upon which they parted with the note ; consequently they could have given the complainant all the information that he could have desired to enable him to defend at law.  But he made no inquiry of them, nor used any effort to discover his defence.  His failure, therefore, to defend himself at law, cannot be said to be unmixed with negligence on his part, but on the contrary, his neglect has been such as to deprive him of all right to equitable relief.

As to that portion of the bill which seeks relief on the ground that since the rendition of the judgment Riha, Sykes & Co. had paid upon it eight hundred or a thousand dollars, it is sufficient to say, that the complainant has a full and complete remedy at law, for the court on which the judgment is rendered can supersede the execution, in whole or in part, as the facts and the rights of the parties may appear.—Lockhart v. McElroy, 4 Ala. 527 ; Edwards v. Lewis, 16 Ala. 813.

It is also insisted that the bill should be retained on the ground of discovery. But that is not the character of the bill. It is purely a bill for relief, and not for discovery merely; and when the jurisdiction of the court is sought to be maintained on the ground of discovery alone, the bill being one for relief, it must be shown that the discovery is necessary to enable complainant to prove his case. The bill, therefore, should allege that complainant is unable to prove the facts on which he relies for relief otherwise than by the answer of the defendant. There is no allegation in this bill that a discovery from the defendant is necessary to prove any fact upon which the complainant relies for relief, or that he cannot, by proof other than by the answer, prove any or all of them.

We can perceive no ground on which the jurisdiction of the court can be sustained, and the decree dismissing the bill must be affirmed.