## DANIEL W. CURRIER AND ANOTHER *vs.* FREDERICK LOCKWOOD.

A writing in these words, "Due *C. & B.* seventeen dollars, value received. *F. L.*," does not import an express promise to pay, but is merely an acknowledgment of indebtedness, from which the law implies a promise to pay. It is not therefore a "promissory note not negotiable," within the statute which fixes the limitation to actions upon obligations of that description. [Two judges dissenting.]

Where the debtor, after the debt was barred by the statute, said to the creditor, "I will give you a ton of coal for the note," which offer was not accepted, it was held that it was a mere offer of compromise, and not such an acknowledgment as would take the case out of the statute of limitations.

Where the debtor at another time said to the creditor, "Have you that note? I wish to settle it," the creditor replying, "It is in the hands of *S* and you can settle with him," to which the debtor rejoined, "The note is outlawed and good for nothing, and you can go ahead if you want to;" which declarations the court below held not to be sufficient evidence of a new promise, it was held that the court committed no error of law in so deciding.

ASSUMPSIT, upon a written instrument described as a note, with the common counts; brought originally before a justice of the peace and appealed to the Court of Common Pleas of Fairfield County, and tried in that court, upon the general issue closed to the court, with notice that the action was barred by the statute of limitations, before *Brewster, J.* The suit was brought June 1st, 1872.

In the special count the plaintiffs averred " that the defendant, in and by a certain writing or note, under his hand by

him well executed, dated the 22d day of January, 1863, promised the plaintiffs to pay to them for value received the sum of seventeen dollars and fourteen cents, as by the said writing or note ready in court to be shown appears."

Upon the trial the plaintiffs offered in evidence the following writing:

"$17.14.                                    Bridgeport, Jan. 22d, 1863.

"Due Currier & Barker seventeen dollars and fourteen cents, value received.            FREDERICK LOCKWOOD."

At the time the note was given the plaintiffs were partners under the name of Currier & Barker.

To this evidence the defendant objected, upon the ground that there was a fatal variance between the evidence offered and the special count in the declaration, and the court excluded the same as evidence to prove the special count, but admitted it to prove an indebtedness under the common counts.

It was proved that some time within three years before the bringing of the suit, Barker, one of the plaintiffs, met the defendant in the street, and reminded him of the note, and that the defendant said, "I will give you a ton of coal for it," and no reply being made, passed along on his way.

It was further proved that, about the time the suit was brought, the defendant came into Barker's store and said to him, "Have you that note?" or "Where is that note?" and "I wish to settle it," or words to that effect, and that Barker told him that the note was in Mr. Stevenson's hands and he could settle with him, and that the defendant replied, "The note is outlawed and good for nothing, and you can go ahead if you want to."

It was further proved that the note was given for clothing purchased of the plaintiffs by the defendant, which had not been paid for.

The plaintiffs claimed, as matter of law, that the writing was a promissory note not negotiable under the statute, and was not barred until seventeen years from its date; also that the facts proved an acknowledgment of the debt, and a new promise, which took it out of the statute of limitations. The defendant claimed adversely to each of these claims.

The court ruled adversely to the claims of the plaintiffs, and held that the debt was barred by the statute of limitations, and rendered judgment for the defendant to recover his costs.

The plaintiffs moved for a new trial.

*Thompson*, in support of the motion.

1. There is no variance. The writing imports a "promise to pay" and it is set forth according to its legal effect. *Smith* v. *Allen*, 5 Day, 337; Edwards on Bills, 131; 1 Am. Lead. Cas., (5th ed.,) 383. The acknowledgment of indebtedness implies a promise to pay, and constitutes it a promissory note. *Cummings* v. *Freeman*, 2 Humph., 143; *Marrigan* v. *Page*, 4 id., 247; *Fleming* v. *Burge*, 6 Ala., 373; *Brenzer* v. *Wightman*, 7 Watts & Serg., 264; *Breuer* v. *Brewer*, 6 Geo., 588; *Lowe* v. *Murphy*, 9 id., 341; *Johnson* v. *Johnson*, Minor (Ala.,) 263; *Harrow* v. *Dugan*, 6 Dana, 341; *Kilgore* v. *Bulkley*, 14 Conn., 383. If the instrument is a "note not negotiable," it is not barred by the statute of limitations, such notes running seventeen years.

2. But if within the statute which limits it to six years, yet it is taken out of the statute by the acknowledgments of the debt made by the defendant within six years preceding the bringing of the suit. He admitted that it was justly due when he said, "I will give you a ton of coal for it." He afterwards went to settle it, asked for the note, and not until directed to settle with the agent did he say that it was outlawed, and even in declaring it to be outlawed he does not say that he shall refuse to pay it on that account. *Lord* v. *Harvey*, 3 Conn., 372; *DeForest* v. *Hunt*, 8 id., 184; *Austin* v. *Bostwick*, 9 id., 501; *Lee* v. *Wyse*, 35 id., 384.

*Lockwood*, contra.

1. A note must contain a legal promise for the certain payment of a certain sum. 1 Parsons on Notes & Bills, 23, 24; Story on Prom. Notes, § 14; Bouvier's Law Dict., *Due Bill, Promissory Note*, and *I. O. U.* An acknowledgment of a debt is not a promissory note. 1 Parsons on Notes & Bills, 25; Byles on Bills, 11, 28; *Smith* v. *Allen*, 5 Day, 340;

*Beeching* v. *Westbrook,* 8 Mees. & Wels., 412; *Melanotte* v. *Teasdale,* 13 id., 216; *Bowles* v. *Lambert,* 54 Ill., 237. The note must contain and must express the *promise* of the debtor to pay the money. 1 Parsons on Notes & Bills, 25.

2. The statute of limitations applies. Our courts have never adopted the expedient which has prevailed to some extent in other states, of taking cases out of the statute upon some doubtful or equivocal acknowledgment, but have always held that the party must have intended to relinquish its protection, or that its provisions must be applied. *Hart's Appeal from Probate,* 32 Conn., 539. An admission that the note was unpaid, accompanied by a claim that it was "outlawed," is not sufficient to remove the bar of the statute. *Sanford* v. *Clark,* 29 Conn., 460. An offer to pay a certain sum in satisfaction of a larger one, will not remove the bar of the statute, even as it regards the sum actually offered, unless the offer is accepted when made. *Bell* v. *Morrison,* 1 Peters, 351; *Smith* v. *Eastman,* 3 Cush., 355; *Mumford* v. *Freeman,* 8 Met., 432; *Brush* v. *Barnard,* 8 Johns., 407; *McLellan* v. *Albee,* 5 Shepley, 184; 1 Smith Lead. Cas., (H. & W. Notes,) part 2d, p. 876.

SEYMOUR, C. J.   The first question in this case is whether the writing sued upon is a promissory note within the meaning of those words in the statute of limitations. The statute is as follows : " No action shall be brought on any bond or writing obligatory, contract under seal, or promissory note not negotiable, but within seventeen years next after an action shall accrue." The instrument sued upon is as follows :

" Bridgeport, Jan. 22d, 1863. $17.14. Due Currier & Barker seventeen dollars and fourteen cents, value received.
                                        Frederick Lockwood."

Promissory notes not negotiable are by the statute above recited put upon the footing of specialties in regard to the period of limitation, and for most other purposes such notes have been regarded as specialties in Connecticut. The instrument however to which this distinction has been attached is the simple express promise to pay money in the stereotyped

form familiar to all. The writing given in evidence in this case is a due bill and nothing more. Such acknowledgments of debt are common and pass under the name of due bills. They are informal memoranda, sometimes here as in England in the form " I. O. U." They are not the promissory notes which are classed with specialties in the statute of limitations. The law implies indeed a promise to pay from such acknowledgments, but the promise is simply implied and not express. It is well said by SMITH J., in *Smith* v. *Allen*, 5 Day, 337, " Where a writing contains nothing more than a bare acknowledgment of a debt, it does not in legal construction import an express promise to pay ; but where a writing imports not only the acknowledgment of a debt but an agreement to pay it, this amounts to an express contract."

In that case the words " on demand" were held to import and to be an express promise to pay. That case adopts the correct principle, namely, that to constitute a promissory note there must be an express as contra-distinguished from an implied promise. The words " on demand " are here wanting. The words " value received," which are in the writing signed by the defendant, cannot be regarded as equivalent to the words " on demand." The case of *Smith* v. *Allen* went to the extreme limit in holding the writing there given to be a promissory note, and we do not feel at liberty to go further in that direction than the court then went.

The writing then not being a promissory note, the plaintiff's action is barred by the six years clause of the statute, unless revived by a new promise to pay.

The offer of the defendant to give a ton of coal for the note was not accepted. It was a mere offer of compromise, and clearly no acknowledgment to take the case out of the statute.

The other conversation between the parties, recited in the motion, taken together as one transaction, was held by the Court of Common Pleas not to be sufficient evidence of a new promise. The result of the interview was a refusal to pay. The opening of the conversation on the part of the defendant would seem to admit the justice of the plaintiff's demand.

The expression of a wish " to settle the note " would seem to imply that it was justly due; but the word " settle " is somewhat equivocal, and taking the whole interview together, we think the Court of Common Pleas made no mistake in law in deciding as it did.

A new trial is not advised.

In this opinion PARK and CARPENTER, Js., concurred.

FOSTER, J. That the paper before us is more correctly described as a due bill, than as a promissory note, is unquestionable. That it would be regarded among business men, in the daily transactions of life, as conferring the same rights, and imposing the same liabilities, as a promissory note, seems to me equally unquestionable. It was so regarded by the parties to it; it was so treated and so spoken of whenever it was alluded to. This is manifest from the record; "The defendant came into the store of said Barker, (one of the plaintiffs,) and said to him, 'Have you that note?' or, 'Where is that note' and that he 'wished to settle it.' Barker told him 'the note was in Mr. Stevens's hands, &c.'" Any writing importing a debt, and an obligation to pay it, especially if it contains the words "for value received," is, in the popular judgment, a note. This instrument is clearly of that character. It was clearly the intent of the parties so to make it, and it is evident that they supposed they had so made it. To hold otherwise would seem to be contrary to the understanding and intent of the parties.

But it is claimed that this instrument is not, in law, a promissory note, and that the legislature, in passing the statutes of limitation, could never have intended to put such contracts on a footing with specialties.

Now if we examine the various works on bills of exchange and promissory notes, we do not find that the learned authors of those treatises agree upon any exact and precise definition of a promissory note. Chitty, Bayley, Byles, Story, and Parsons, however, all agree that no particular words are neces-

sary to make a bill or note. "It is sufficient if a note amount to an absolute promise to pay money." Chitty on Bills, 428. Chancellor Kent, following substantially Mr. Justice Bayley, says, " A note is a written promise, by one person to another, for the payment of money, at a specified time, and at all events." 3 Com., 74. Judge Parsons says, " A promissory note is, in its simplest form, only a written promise." 1 Parsons on Notes & Bills, 14.

These definitions imply that a note must contain an express promise to pay. And Mr. Justice Story says: " But it seems that, to constitute a good promissory note, there must be an express promise upon the face of the instrument to pay the money; for a mere promise implied by law, founded upon an acknowledged indebtment, will not be sufficient." Story on Prom. Notes, 14. Courts of the highest authority, however, both in England and in this country, hold otherwise; nor are all the text-writers so to be understood. " No precise words of contract are necessary in a promissory note, provided they amount, in legal effect, to a promise to pay." Byles on Bills, 8. " It is settled that a note need not contain the words 'promise to pay,' if there are other words of equivalent import." 1 Parsons on Notes & Bills, 24. What words are of " equivalent import," and are sufficient to raise a promise to pay, has occasioned much discussion. " The distinction between the cases on this point," says Mr. Justice Story, in a note on the section above quoted, " is extremely nice, not to say sometimes very unsatisfactory." As long ago as 1795, Chief Justice Eyre, sitting at Nisi Prius, held an " I. O. U. eight guineas," to be merely an acknowledgment of a debt, and neither a promissory note, nor a receipt. *Fisher* v. *Leslie,* 1 Esp., 425. In 1800, in the case of *Guy* v. *Harris,* reported in Chitty on Bills, 526, Lord Eldon, whose authority is certainly not inferior to that of Chief Justice Eyre, held a similar paper to be a promissory note, and ruled it out when offered in evidence, because it had not a stamp. " I owe my father £470. Jas. Israel:"—This paper was offered in evidence before Lord Ellenborough, and he said: " I entertain some doubts whether this paper ought not to have been

stamped as a promissory note, but on the authority of *Fisher* v. *Leslie*, 1 Esp., I will receive it in evidence, though unstamped." *Israel* v. *Israel*, 1 Camp., 499. *Childers* v. *Boulnois*, Dow. & Ry., Nisi Prius cases, 8, decided by Chief Justice Abbot, is to the same effect. See also *Tompkins* v. *Ashby*, 6 Barn. & Cress., 541; 9 Dow. & Ry., 543; 1 Mees. & Wels., 32; *S. C.* If a time be named for payment, these instruments are differently construed. In *Brooks* v. *Elkins*, 2 Mees. & Wels., 74, "I. O. U. £20, to be paid on the 22d inst.," was held to be either a promissory note, or an agreement for the payment of £10 and upwards, and in either case required a stamp. "I. O. U. £85, to be paid May 5th," was held to be a good promissory note. *Waithman* v. *Elzee*, 1 Car. & Kirw., 35.

The cases are numerous where an instrument has been held to be a good note without an express promise to pay. "I do acknowledge myself to be indebted to A. in £ , to be paid on demand for value received." On demurrer to the declaration, the court, after solemn argument, held that this was a good note within the statute. *Casborne* v. *Dutton*, 1 Selwyn, Nisi Prius, 320. In the case of *Morris* v. *Lee*, the words were, "I promise to be accountable to J. S., or order, for £50, value received by me," and it was held a good promissory note. The court say they "will take the word *accountable* as much as if it had been *pay*." They also notice the words *value received*. Fortescue, J. said, "This is a debt, being for value received, and not said on account." 8 Mod., 362; 1 Strange, 629; 2 Ld. Raym., 1396; *S. C.*

Turning to the American cases, we find in our own court the case of *Smith* v. *Allen*, 5 Day, 337. This was brought on a paper in these words: "Due John Allen $94.91, on demand." The declaration counted on a promissory note, and alleged a promise to pay in the usual form, setting out the note in the declaration. The defendants demurred, and the Superior Court held the declaration sufficient. On writ of error brought, the Court of Errors sustained the decision.

Here was manifestly no express promise to pay; but the court held that there was one implied, and so sustained the

claim of the plaintiff. The difference between this and the case at bar is very slight. This contains the words "on demand," that at bar the words "value received." The one by its terms is due on demand, and the promise to pay is, therefore, implied by law, the other is, in legal effect, due on demand, and it is difficult to see a good reason why the law does not as readily imply a promise to pay such a debt, as one due on demand by its own terms. Besides, a valuable consideration is expressed in the case at bar by the words "value received," while none is expressed in the case of *Smith* v. *Allen.* Since the case of *Edgerton* v. *Edgerton,* 8 Conn., 6, and the case of *Bristol* v. *Warner,* 19 Conn., 7, it is quite clear that, by the law of this state, a promissory note, not negotiable, and not purporting on its face to be for value received, does not imply a consideration. *Smith* v. *Allen,* and the case at bar, are alike in omitting the words "or order," and "or bearer," and so are alike non negotiable. Such notes however are regarded as within the statute of 3 and 4 Anne. *Smith* v. *Kendall,* 6 T. R., 123.

Passing from this decision in our own court to the courts of New York, where we are accustomed to find questions of mercantile and commercial law as ably discussed and as intelligently decided as in any of our sister states, we find the case of *Russell* v. *Whipple,* 2 Cow., 536. The suit was on this paper, "Due S., or bearer, $10." This differs from the case at bar in adding the words "or bearer," and omits the words "value received." The court said it was a promissory note, and that the case was too plain for argument.

In *Kimball* v. *Huntington,* 10 Wend., 675, this paper, "Due R. $325, payable on demand," was held admissible in evidence as a promissory note. Judge Nelson says: "The acknowledgment of indebtedness, on its face, implies a promise to pay the plaintiffs, and the payment by its terms is to be in money, absolutely, on demand."

In *Luqueer* v. *Prosser,* 1 Hill, 259, Judge Cowan says: "If there be in legal effect an absolute promise that money shall be paid, all the rest is a dispute about words. * * * The whole inquiry is, does the paper import an engagement that

money shall be paid, absolutely ?   If it do, no matter by what words, it is a good note."

In *Sackett* v. *Spencer*, 29 Barb., 180, this paper, " Due S. or bearer, $340, for value received with interest," the court say " is a good promissory note, and if it specifies no time of payment, it is, in legal effect, payable immediately, and without grace."

In *Franklin* v. *March*, 6 N. Hamp., 364, the Supreme Court of New Hampshire held this paper, " Good to R. C. or order, for $30, borrowed money," to be a good promissory note.

In addition to the cases above cited, the following are very strong authorities to sustain the claim that this is a promissory note.   *Cummings* v. *Freeman*, 2 Humph., 143 ; *Harrow* v. *Dugan*, 6 Dana, 341; *Fleming* v. *Burge*, 6 Ala., 373 ; *Finney* v. *Shirley*, 7 Missou., 42 ; *McGowan* v. *West*, id., 569; *Lorne* v. *Murphy*, 9 Geo., 338 ; In *Johnson* v. *Johnson*, 1 Ala., 263, the court say : " The acknowledgment of a debt, due for a valuable consideration, clearly implies a promise to pay it on request."

The record discloses the fact that the paper before us was given for the purchase of clothing, and that the price of it has never been paid.   Our statute of limitation bars all right of action upon it, unless it is recognized as a promissory note. So to recognize it will in my opinion do much less violence to law, than will be done to justice if we permit this defendant thus to escape the payment of an honest debt for the necessaries of life.

I would admit the paper offered in evidence in support of the first count in the declaration.

In this opinion PHELPS, J., concurred.