### BLANCHE WIKSRIS
vs.
### THE CHIEPPO COMPANY

Superior Court     New Haven County     File #49047

Present:   Hon. ALFRED C. BALDWIN, Judge.

John V. O'Brien,          Attorney for the Plaintiff.

Slade, Slade & Slade,          Attorneys for the Defendant.

## MEMORANDUM FILED FEBRUARY 8, 1936.

BALDWIN, J. This action is brought in two counts. In the first, it is alleged that plaintiff, June 3, 1927, loaned to defendant $4300.; that interest was paid to June 3, 1928, and that the loan with interest from June 3, 1928, is still due.

In the second count the loan of $4300. is alleged to be "as evidenced by its (defendant's) promissory note which reads as follows: 'New Haven, Connecticut, June 3, 1927. Received of Blanche Wiksris ($4300.00) Four Thousand and Three Hundred Dollars to be paid back in payments of ½ on December 2, 1927 and balance on June 2, 1928. Security on Pierce Arrow busses No. 2207 and 2216. (Signed) The Chieppo Co. Mary Chieppo, Sec'y. Nicholas Chieppo'."

The second defense is the six year statute of limitations.

To this defense plaintiff demurs because the note, upon its face, appears to be a non-negotiable instrument and her right of recovery therefore is not limited to the six year period but survives for the period of seventeen years.

Defendant contends that the instrument is not a note, that it is nothing more than a due bill, or an I.O.U., and does not come within the protection of the survival statute as to non-negotiable promissory notes. **G.S. Sec. 6003.**

A promissory note is an unconditional written promise to pay a certain sum of money at a certain time and signed by the maker.

This instrument does not contain the usual term, "For value received", but it contains the following: "Received of Blanche Wiksris ($4300.00) Four Thousand Three Hundred Dollars", which is the equivalent of the usual term in drawing notes. The instrument then contains the following, "to be paid back in payments of ½ on December 2, 1927", etc. This is an unconditional promise to pay, and the words, "to be paid back", require no stretch of imagination to determine the payee intended the one from the sum was received.

The second count sets up an action upon a non-negotiable promissory note.

See **Smith vs. Allen, 5 Day 337; Currier vs. Lockwood, 40 Conn. 349, 353.**

The demurrer is sustained.