THE CARLING TOOL & MACHINE COMPANY, INC. v. DONALD H. LAPOINTE.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued April 6th—decided May 5th, 1938.

*Paul W. McMahon,* for the appellant (defendant).

*Milton G. Harrison,* with whom, on the brief, was *Charles A. Harrison,* for the appellee (plaintiff).

JENNINGS, J. The facts in this case were not in dispute. In 1921 the defendant and his brother bought certain merchandise from the plaintiff. Payments and promises to pay were made up to November 26th, 1929, and the balance due on that date was $343.33. The plaintiff and defendant then executed the following written instrument:

"November 26th, 1929.

To—Donald H. Lapoint:

Balance due on Lapoint Brothers account—343.33. The Carling Tool & Machine Company agrees to accept $15.00 per Month, to be paid from the 1st to the 20th of each month.

DONALD H. LAPOINTE.

Accepted by

Carling Tool & Mch. Co.,

Arthur Carling.

Barbara E. Guetklein,
Witness."

Suit was brought on this instrument by writ dated January 25th, 1937. The only question on this appeal is whether § 6005 of the General Statutes barred the action or whether, as held by the trial court, it fell within the provisions of § 6003. The relevant portions of these statutes are printed in the footnote.[1]

---

[1] Sec. 6003. LIMITATION UPON CONTRACTS UNDER SEAL. No action shall be brought on any contract under seal, or promissory note not negotiable, but within seventeen years next after an action on the same shall accrue;

Sec. 6005. ACTIONS ON SIMPLE OR IMPLIED CONTRACTS LIMITED TO SIX YEARS. No action for an account, or for a debt due by book to balance book accounts, or on any simple or implied contract, or upon any contract in writing not under seal, except promissory notes not negotiable, shall be brought but within six years next after the right of action shall accrue;

A similar question was before this court in *Currier* v. *Lockwood*, 40 Conn. 349. The instrument sued on in that case read as follows:

"$17.14.                     Bridgeport, Jan. 22d, 1863

"Due Currier & Barker seventeen dollars and fourteen cents, value received.     FREDERICK LOCKWOOD."
Section 6003 was then in substantially the same form as now and the question there, as here, was whether the instrument was a nonnegotiable note within the meaning of the statute. The court held that it was not, saying (p. 352): "Promissory notes not negotiable are by the statute above recited put upon the footing of specialties in regard to the period of limitation, and for most other purposes such notes have been regarded as specialties in Connecticut. The instrument, however, to which this distinction has been attached is the simple express promise to pay money in the stereotyped form familiar to all. The writing given in evidence in this case is a due bill and nothing more. Such acknowledgments of debt are common and pass under the name of due bills. They are informal memoranda, sometimes here as in England in the form 'I. O. U.' They are not the promissory notes which are classed with specialties in the statute of limitations. The law implies indeed a promise to pay from such acknowledgments, but the promise is simply implied and not express."

The instrument here in evidence bears even less resemblance to the "stereotyped form familiar to all" than does that in the *Currier* case. Furthermore, there is no express promise to pay by the defendant but only an agreement to accept payments on the part of the plaintiff. The defendant's promise must be implied. In *Smith* v. *Allen*, 5 Day 337, the words "Due John Allen ninety-four dollars, 91 cents, on demand"

were held to support a declaration alleging an express promise. The case dealt, however, not with a statute of limitations, but with the highly technical state of common-law pleading as it existed in 1812. The cases cited by the plaintiff can be distinguished on similar grounds.

The *Currier* case has been unquestioned law for sixty-five years and if any different legislative intent had existed, it would certainly have been manifested by amendment within that time. We have been urged to reconsider the position taken by a divided court so long ago. No reason for doing so has been pointed out. On the contrary, the pace of business has accelerated to such a degree that seventeen years is today in effect a much longer period than in 1873. In the absence of the expression of any different legislative intent we should be loath to add a large class of obligations to those already given such a long lease of life.

For the reasons stated we hold that the instrument sued on is not a nonnegotiable note within the meaning of § 6003.

There is error and the case is remanded with direction to enter judgment for the defendant.

In this opinion the other judges concurred.