[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Housatonic Bank and Trust Company, has moved for summary judgment in this action to recover on a promissory note for money loaned to the defendants, Buselli Associates, LWJ Corporation, Victor J. Buselli, Norman J. Voog and Walter J. Lewis, Jr.
The complaint alleges that the plaintiff loaned the defendants $1,500,000.00 on October 7, 1988 and that thereafter the outstanding balance was reduced to $800,000 and the maturity date of the promissory note was extended to October 7, 1989. The plaintiff further alleges that the defendants are in default and have failed to make payments due when demand for payment was made.
The plaintiff has appended to its motion for summary judgment and accompanying memorandum of law an unsigned copy of the promissory note, a copy of the signed extension agreement, the demand letters, and an affidavit by a bank officer.
Summary judgment is available when the pleadings, affidavits and other proof submitted show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Section 384 P.B., CT Page 5361 Connell v. Colwell, 214 Conn. 242, 246 (1990). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309 (1978). The test is whether a party would be entitled to a directed verdict on the same facts. Batick v. Seymour, 186 Conn. 632,647 (1982).
Recovery on a promissory note requires proof of a written promise to pay a certain sum of money at a certain time and signed by the maker. Wiksris v. The Chieppo Company, 3 Conn. Sup. 272, 273 (1936). The plaintiff has not demonstrated the existence of a note signed by the defendants. The defendant has either denied or plead insufficient information to form a belief as to the truth of the plaintiff's allegations as to their liability. They have not admitted the genuineness of the unsigned document identified by the plaintiff as a note signed by them. Absent a showing of a signed instrument, the plaintiff is not entitled to judgment.
The motion for summary judgment is denied.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT