[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On March 7, 1990, the plaintiff, Housatonic Bank CT Page 2150 and Trust Company (hereinafter "Bank" or "plaintiff"), filed a one count complaint against the defendants, Buselli Associates, LWJ Corporation, Victor J. Buselli, Norman J. Voog, and Walter J. Lewis (hereinafter "defendants"). Prior to this date the plaintiff filed an application for prejudgment remedy seeking attachment of several of the defendants' properties which was granted on February 1, 1990. The plaintiff alleges the following facts in its complaint. The Bank loaned the defendants $1,500,000 and in return the defendants signed a promissory note in the same amount. The promissory note was subsequently modified by two separate "mortgage modification agreements". The ultimate effect of these two agreements was to extend the maturity date of the loan to October 7, 1989 and to decrease the amount of principal to $800,000. The defendants failed to pay installment interest which was due September 7, 1989 and each and every interest and principal payment due thereafter as required under the terms of the agreement. The plaintiff sent each defendant a letter demanding payment on January 9, 1990 which failed to elicit payment from the defendants. The plaintiff is the holder of the note. The plaintiff seeks, pursuant to the terms of the note, as amended, an amount equal to the total of the unpaid principal, interest, late fees, default interest and reasonable attorney's fees.
On March 14, 1991, the defendants filed an answer either denying or claiming insufficient knowledge of each paragraph of the plaintiff's complaint. The defendants filed no special defenses. On April 30, 1991, the plaintiff filed a motion for summary judgment. However, the plaintiff attached an unsigned copy of the promissory note to its memorandum of law in support of its motion for summary judgment, and accordingly the court, Hodgson, J., denied the motion on May 20, 1991.
On July 22, 1991 the plaintiffs filed a second motion for summary judgment with an accompanying memorandum of law. The plaintiff attached to the memorandum of law a copy of the promissory note, signed by the defendants, two "mortgage modification agreements", signed by the defendants, copies of the demand letters sent to the defendants CT Page 2151 dated January 9, 1990, the affidavit of Bruce E. Hanson, the vice president of the plaintiff Bank, and the affidavit of Marie A. Casper, Esq. regarding attorney's fees. In its memorandum of law, the plaintiff asserts that its motion should be granted because the affidavits and documents submitted by the plaintiff establish conclusively that the plaintiff is entitled to collect all amounts of unpaid principal, interest, default interests and costs from the defendants and the defendants have not alleged any specific facts in contradiction of those offered by the plaintiff.
On August 5, 1991 the Federal Deposit Insurance Corporation (hereinafter "FDIC"), the receiver of Housatonic Bank and Trust Company, was substituted as the real party in interest.
On December 9, 1991, the defendants filed a request for leave to amend their answer seeking to add five special defenses. The first special defense alleged that the plaintiff Bank materially breached the terms of its commitment letter by failing to release its mortgage on 43 South Main Street in Waterbury, Conn. and subordinate it to a two million dollar permanent mortgage by Center Bank. The second and third special defenses alleged that the plaintiff willfully breached this contractual obligation, and that the plaintiff intentionally and willfully interfered with a contractual agreement between the defendants and Center Bank, respectively. The fourth special defense alleged that a representative of the plaintiff bank represented that it would release its mortgage on 43 South Main Street in Waterbury when it had no intention of doing so, and the defendants relied on this representation to their detriment by giving the mortgage to the plaintiff Bank and by entering into a contractual relationship with it. The fifth special defense alleged that the plaintiff Bank violated the Connecticut Unfair Trade Practices Act.
Also on December 9, 1991 the defendants filed a memorandum in opposition to the plaintiff's second motion for summary judgment. The defendants attached to the memorandum the affidavit of Walter J. Lewis, Jr., an individual defendant as well as the general partner of the defendant Buselli Associates and the President of the defendant LWJ Corporation, a loan commitment letter from the Bank to the named defendants, signed by the Vice President of the sank, and an unsigned Open-End Mortgage Deed. In their memorandum the defendants argue that "as a term and condition of advancing funds, Housatonic Bank Trust requested a second mortgage on a certain piece of real property known as 43 CT Page 2152 South Main Street, Waterbury, Conn." The defendants further allege that the plaintiff agreed to release or subordinate its mortgage if Center sank, the first mortgage holder on the property, objected or wished to refinance, so long as the principal amount was not increased. The defendants contend that this agreement is embodied in the loan commitment letter. The defendants further claim that in June of 1991 the first mortgage holder approached the defendants to refinance the mortgage in a manner that would not increase the principal amount of the original first mortgage, however, in violation of their agreement the plaintiff would not agree to release or subordinate its mortgage. The defendants claim that the result of the violation of the agreement is that the defendants are now in default on the $2,000,000 first mortgage on 43 South Main street in Waterbury and the defendants stand to suffer further damages in the event that the plaintiff continues to violate the agreement. The defendants also argue that this defense is not barred under12 U.S.C. § 1823(e) (FIREA) because the agreement is in writing. Finally, the defendants assert that the plaintiff's second motion for summary judgment should be denied because they have set forth valid defenses to the plaintiff's cause of action.
On December 16, 1991 the defendants filed a supplemental memorandum of law in opposition to the plaintiff's second motion for summary judgment.
On December 23, 1991 the plaintiff filed a reply memorandum along with the affidavit of John Meeks, an Account Officer with the FDIC. In the reply memorandum the plaintiff asserts that the defendants do not contest liability on the note and that the defenses asserted by the defendant are barred by federal law because the FDIC is a party to the action.
On December 23, 1991, the plaintiff filed an objection to the defendants' request for leave to amend. This court has sustained the plaintiff's objection to the defendants' request for leave to amend their answer. Accordingly, it is submitted that as required by Practice Book 379, the pleadings are closed as between the parties to the motion for summary judgment.
Summary judgment is available when the pleadings, affidavits and other proof submitted show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384, Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). In deciding a motion for summary judgment, the trial court CT Page 2153 must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304,309, 407 A.2d 971 (1978). The test is whether a party would be entitled to a directed verdict on the same set of facts. Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 371
(1982).
Recovery on a promissory note requires proof of a written promise to pay a certain sum of money at a certain time and signed by the maker. Wiksris v. The Chieppo Company3 Conn. Sup. 272, 273 (Super.Ct. 1956). The plaintiff has established through the documents and affidavits filed in support of its second motion for summary judgment the following. The plaintiff, also the holder of the note, loaned the defendants $1,500,000 as evidenced by a promissory note signed by the defendants. This note was modified by two subsequent agreements also signed by the defendants. The final effect of these agreements was to extend the maturity date of the loan to October 7, 1991 and to reduce the amount of principal to $800,000. (Hanson affidavit, pp. 1-2, paras. 4-6). The plaintiff has established that the defendants have failed to pay interest and principal due under the modified agreement since September 7, 1989. (Hanson affidavit, p. 2, para. 7-8).
"[I]n order to oppose successfully a motion for summary judgment, the opposing party must recite facts in accordance with Practice Book 5381 which contradict those offered by the moving party." Connecticut National Bank v. Hubney, 182 Conn. 310, 312, 438 A.2d 430 (1980).
The defendants have offered evidence in the Lewis affidavit that as a term and condition of advancing funds the plaintiff agreed to release or subordinate the mortgage on 43 South Main Street, Waterbury, Connecticut if the first mortgage holder on that property desired to restructure the first mortgage as long as the principal amount of the first mortgage did not increase. (Lewis affidavit, p. 2, para. 3.) The defendants have also offered evidence that the first mortgage holder wished to restructure is mortgage on or about June, 1991, and the plaintiffs refused to release or subordinate its mortgage on 43 South Main Street. (Lewis affidavit, p. 2, paras. 7-8.) The defendants offer no evidence contradicting the existence of the debt or the amount of the debt.
The defendants have offered no evidence to contradict the facts established by the plaintiff that the defendants signed a promissory note which they have failed to pay. The facts asserted by the defendants do not contradict CT Page 2154 the plaintiff's facts, but relate to a situation which occurred after the default by the defendants, and thus do not negate the facts asserted by the plaintiff regarding the unpaid debt.
"Examination of the affidavit and exhibit accompanying the plaintiff's motion for summary judgment discloses the unchallenged existence of an unpaid debt." Connecticut National Bank v. Great Neck Development, 215 Conn. 143,148, 575 A.2d 206 (1990). Therefore, there exists no genuine issue of material fact and the plaintiff is entitled to judgment as a matter of law. The plaintiff's motion for summary judgment is granted and judgment is entered in favor of the plaintiff FDIC, as receiver of the Bank, in the amount of $800,000.00, plus interest and late fees, and attorney's fees pursuant to the terms of the promissory note. Upon the submission of a proper affidavit the court will award a reasonable attorney's fee.
THE COURT CURRAN, JUDGE